ADOLPH F. GOUHENANT v. ALEXANDER COCKRELL.

Admitting, however, as we have held, that less evidence than the acquisition of a new homestead, will be sufficient to prove such abandonment of a former homestead, as will subject the property to forced sale; and that where there is abandonment with a fixed intention not to return, the property may be opened to creditors; yet it must be undeniably clear, and beyond almost the shadow, at least all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption.

Appeal from Dallas. Tried below before the Hon. Nat. M. Burford.

The facts are sufficiently apparent from the Opinion. The charge was full and clear, and entirely consistent with the decision.

*Crockett & Guess,* for appellant.

*J. J. Good,* for appellee.

HEMPHILL, CH. J. This suit is to recover a lot of land in the town of Dallas, claimed by the plaintiff as his homestead, the defendant claiming title under Sheriff's sale.

Gouhenant v. Cockrell.

The main question, and the only one I shall examine is, Was the property the homestead of Gouhenant at the time of the sale ? There is no serious doubt but that the lot had been the homestead of the plaintiff some months prior to the levy and sale under execution; but the defence is that it had been abandoned and the exemption forfeited. It was in substance said in the case of Shepherd v. Cassiday, decided at this Term, that the right to an old homestead might be forfeited although a new one had not been acquired, where it had been abandoned with an intention not to return, and this intention was not changed before some opposing right had been legally vested by sale in a third person. The only question is whether this rule is not more unfavorable to the homestead exemption than ought, on principle, to be allowed; and whether, in aid of the homestead, the rule in relation to domicil should not be applied, viz.: that the old domicil remains until the party has not only acquired another, but has manifested and carried into execution his intention of abandoning his former domicil, and taking another as his sole domicil. (Somerville v. Somerville, 5 Ves. 787.) No matter how long or how far the party may have wandered, or how many casual or temporary residences he may have had, yet if his departure from his settled abode has been for purposes in their nature temporary, having an intention to return as soon as those objects are accomplished, or if in fact he does not acquire a new domicil, *facto et animo*, the old one remains, and after his death his personal property will be distributed according to the laws of that domicil. If the law allows this right to the heirs of a decedent, it does not seem very unreasonable that during life he might, until he acquired a new homestead, claim the old one with its exemption. There seems the more ground for this, where the head of the family is married. The husband cannot alienate the homestead without the consent of his wife. Can he deprive her of its benefits by abandoning his residence, and wandering from post to pillar, or by the acquisition of casual residences for temporary purposes ? This would make the guarantees of the Constitution mere form, not substance.

It should be remembered that creditors have no claim upon the homestead. They trust every man with the understanding that he either has or may procure a homestead, upon which they have no more right to seize than they have upon the person of the debtor or the property of a third person in satisfaction of the debt.

7

True, a homestead may be disrobed of its guarantees, and the protection lost.  The best evidence of this is, that a new and permanent one has been acquired.

Admitting, however, as we have held, that less evidence may be sufficient, and that where there is abandonment with a fixed intention not to return, the property may be opened to creditors ; yet it must be undeniably clear and beyond almost the shadow, at least all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption.   Do the facts in evidence show an unequivocal intention of such entire abandonment?   Is there such a preponderance of proofs as to show beyond dispute, that he had forfeited the protection guaranteed to him not only by law, but by the Constitution, the supreme law of the land?   From an inspection of the record it will be seen that these inquiries should be answered not only in the negative, but that the overbalance of · the proofs is to the contrary, in support of the claim of the plaintiff.

He was a Daguerreotypist, a wanderer by vocation ; and it was proven that in pursuit of his business, he had been absent on former occasions.   When he left Dallas for Fort Worth, to an inquiry if he was leaving for good, he replied in the negative ; that he would be back.   There was no declaration of his at any time, and especially at the time of his removal, that he intended to abandon his residence in Dallas.   The object of his temporary removal or residence was, by the proof, to settle a son or nephew in business ; and by one witness, the carpenter employed by him, it was to raise means for the erection of a building on his homestead lot ; that he boarded for some months after he went to Fort Worth with one of the witnesses, and afterwards rented a room and boarded himself ; that he spoke to this witness of buying property, and that if he could sell his saloon (meaning his residence) in Dallas, he would be able to put up a house ; and that if he should sell his saloon in Dallas, he would move to Fort Worth ; that he had come up to settle his son in business. This evidence shows beyond a doubt, that he had some purpose of removing from Dallas, but that he would not remove unless he could sell his house ; and quite overbalances all the other circumstances to the reverse, such as voting for county officers, being regarded at Fort Worth as a citizen, and that he employed two wagons to carry his plunder, &c. ; and it seems that the most of that freight was his Daguerrean apparatus.

We are of opinion that the verdict is clearly against the weight of the evidence ; and especially in a case like this, where the right is not to be lost by deductions from slight or trivial circumstances, but the proof must be of the most clear and satisfactory character. Judgment reversed and cause remanded.

Reversed and remanded.