AYERS ET AL. v. SHACKEY.

(No. 1597.)

HOMESTEAD.— May curtail by devoting a portion of it to other purposes without absolutely parting with the title.

APPEAL from Washington county. Opinion by DELANEY, J.

STATEMENT.— There is but one question in this case: whether or not appellees abandoned the homestead. The facts, in substance, are these: Appellees acquired the property as their homestead in 1870, and lived upon it until some time in 1876. It consisted of a part of a city lot, fronting sixty feet on one street and ninety feet on another. Appellee, some time in 1876, made a contract for the erection of three store-houses on the lots, which were completed late in that year. These houses covered the entire front on one street, and left a strip of ground fronting thirty feet on the other street, and running back sixty feet. Soon after completion, the building farthest from the front of the smaller lot was sold. Before these houses were put up appellees' dwelling and improvements were removed and the shade trees cut down. Appellees lived a short time in a rented house in town, and then resided in the country with the wife's relations. They stated their purpose to be to rent the stores until they were able to build a dwelling upon the vacant lot. Treating these facts as an abandonment, appellants present these propositions: 1. A homestead is lost by its abandonment, although a new homestead is not acquired. 42 Tex., 195. 2. The home-

stead is determined by the character of its use.    59 Tex.,
32; 57 Tex., 614.    3. The use of the  premises for the sup-
port of the family does  not of itself  make it a homestead.
48 Tex., 230.    4. The husband and wife  may curtail the
homestead by devoting  a  portion of it to  other purposes
without absolutely parting with the title.    47 Tex., 365; 40
Tex., 440; 59 Tex., 32.

OPINION.— Held, these propositions  are indisputable, yet
the  evidence of abandonment "must be  undeniably clear,
and beyond  almost the  shadow, at least of all  reasonable
ground, of dispute."    20 Tex., 96.    If the head of the fam-
ily, with the consent of his wife, given in  any manner pre-
scribed  by law,  shall permanently  devote  a  part of the
residence to purposes other than those of a home, the  part
so appropriated and used would lose its exemption.

The court erroneously charged the jury that when " prop-
erty once becomes the homestead, so long  as it so  remains
the husband cannot, by building houses thereon, so separate
a portion of it as to subject it to forced sale, as that would
be doing indirectly what he  could not do directly," as this
charge was not applicable to the facts.

REVERSED AND REMANDED.