**Billie Rae RILEY et al., Appellants,**

v.

**BURK ROYALTY COMPANY et al.,
Appellees.**

No. 4428.

Court of Civil Appeals of Texas,
Eastland.

Jan. 29, 1971.

On Rehearing Feb. 19, 1971.

Rehearing Denied March 12, 1971.

Rutledge & Rutledge, R. M. Rutledge, Robert Ford, Abilene, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, Stephen Suttle, Wagstaff, Alvis, Alvis & Leonard, Robert H. Alvis, Ben Niedecken, City Atty., Edward R. Paynter, Dist. Atty., Abilene, for appellees.

WALTER, Justice.

This is a suit to remove cloud of a judgment lien from title to an alleged homestead.

George D. Harris and his wife Billie Rae Harris purchased a residence at 917 Leggett Drive in Abilene in 1952 and dedicated, used and enjoyed it as a homestead. Burk Royalty Company obtained a judgment against Mr. Harris and recorded it in Taylor County on December 28, 1959.

Prior to the divorce proceedings, Mr. and Mrs. Harris were living in the Leggett Drive property as their homestead. They were divorced on June 7, 1963, and custody of the minor daughter was awarded to Mrs. Harris and the court ordered the father to support the child and Mrs. Harris was given the right to occupy the homestead "so long as she does not remarry." Mr. Harris vacated the premises about a year before the divorce. Mrs. Harris continued to live on the property with her children until she married James A. Riley on July 16, 1963. About a month after her marriage, she and the children moved to a house provided by Mr. Riley. George D. Harris married Medrith James on September 13, 1963.

George D. Harris filed this suit against Burk Royalty Company and impleaded Mr. & Mrs. Riley as parties' defendants. The Citizens National Bank in Abilene intervened and asserted Mr. Harris and Mrs. Riley were indebted to the Bank.

In a non-jury case, judgment was rendered that the homestead interest which Mr. Harris and Mrs. Riley owned in said property was abandoned. The local taxing units were awarded judgment for their taxes which was declared to be a first lien. The Bank was awarded judgment for $945.98 which was secured by a Mechanic Lien which was second to the tax lien. Burk Royalty was awarded judgment foreclosing its judgment lien of $9,123.44 which was declared to be a third lien. The Bank was awarded a judgment against Mr. Harris for $3,723.67 as his individual and separate debt and a judgment against Mr. Harris and Mrs. Riley for $5,824.34 as their community debt which lien was declared to be a fourth lien.

Mrs. Riley has appealed from that portion of the judgment awarding Burk foreclosure of its judgment lien and awarding the Bank judgment and foreclosure, except she does not appeal from that portion of the judgment awarding the taxing units their judgment and awarding the Bank a foreclosure of its Mechanic Lien for $945.98. She contends the court erred in failing to hold that such property was her homestead because the record contains no evidence that she abandoned her homestead rights. She also contends such finding is against the preponderance of the evidence.

The judgment asserts they abandoned the property as their homestead in 1963. Mrs. Riley takes the position there is no evidence that she abandoned her homestead exemptions. The Bank says the issue is not whether she abandoned her homestead, but is, after Mrs. Harris married Riley whether the Riley family ever dedicated, used and occupied the Leggett property in such manner as to impress the character of homestead upon it. Burk Royalty contends Mr. Harris and Mrs. Riley abandoned their homestead exemptions.

The Honorable J. R. Black was the judge presiding at the time of the Harris divorce. Mrs. Riley testified substantially as follows: I moved out of the home because Judge Black told me upon remarriage I was to move out and no longer occupy it and put it up for sale; I did not intend to abandon my homestead rights when I moved out; this is the only homestead I have and the only one I claim as my homestead; I would have stayed in the house and not paid rent but Judge Black's letter said I had to move; if I could I would move back there today; Mr. Riley owns no real estate; we have been occupying rental property since I married him; my 17 year old daughter lives with us and Mr. Riley does not support her; some of the child support payments made by Mr. Harris for our daughter came from rental income from the property.

Mrs. Riley's departure from the old home place was not entirely voluntary, but was in compliance with what she thought Judge Black had ordered her to do. In Rancho Oil Co. v. Powell, 142 Tex. 63, 175 S.W. 2d 960 (1943) the Court said:

"It is apparent that the trial court proceeded upon the theory that when Ida Powell married Alex Johnson and moved with him to his farm near hers she automatically lost her homestead rights 'as the widow of Doc Powell,' and that theory was adopted by the Court of Civil Appeals. In this we think both courts fell into error. The exemption of the homestead to Ida Powell was not merely during her widowhood, but so long as she might elect to 'use or occupy the same as the homestead.' Const. Art. 16, Sec. 52, Vernon's Ann.St.

* * * This court recently stated that '* * * beginning as early as 1857, in an opinion by Chief Justice Hemphill in Gouhenant v. Cockrell, 20 Tex. 96, our courts have held that 'it must be undeniably clear and beyond almost the shadow, at least (of) all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption.' Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847, 852.

* * * It is the acquiring of a new homestead and not of a new home that operates as an abandonment of homestead rights."

We have concluded as a matter of law that the Leggett Drive property constituted the homestead of Mrs. Riley at the time of her divorce. We find no evidence that she voluntarily and totally abandoned it with the intention of not returning.

Mr. Harris contends the court erred in failing to find that the property constituted his homestead as a matter of law. He also contends the court erred in finding that he abandoned his homestead rights in the property.

Mr. Harris moved to Abilene in 1950, purchased the Leggett Drive property and he and his wife and children occupied it as their homestead. After he vacated the property and was divorced he married Medrith Nugent James who owned and resided in a home at 726 Hawthorne in Abilene. He was residing at this address with his second wife at the time of trial. He testified substantially as follows: My second wife and I have never resided in the house on Leggett Drive; I have no intention of residing on such property as my homestead; I have no intention of moving from my present residence on Hawthorne St.; we have no children living with us; I consider the Hawthorne property as my home.

The last time Harris rendered the Leggett property as his homestead was in 1964 and no taxes have been paid for the years 1964, 1965, 1966, 1967, 1968 or 1969. It was stipulated that some person had rendered the Hawthorne property in the name of Mr. Harris' present wife as her homestead.

We hold the court did not err in finding that Mr. Harris abandoned his homestead interest. We have considered all his points and find no merit in them. They are overruled.

The judgment in favor of the taxing units is affirmed. The judgment in favor of the Bank for $945.98 which is secured by a Mechanic Lien is affirmed. Judgment against Mr. Harris is affirmed.

The judgment insofar as Mrs. Riley is concerned is reversed and rendered in her favor.

## ON MOTION FOR REHEARING

The motions for rehearing of Burk Royalty Company and Citizens National Bank have been considered and we find merit in their point that the record contains some evidence to support the judgment that Mrs. Riley abandoned her homestead.

However, we have considered all the evidence and sustain her point that such finding is against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

That part of our judgment of January 29, 1971, rendering judgment in favor of Mrs. Riley is set aside and judgment insofar as she is concerned is reversed and remanded. In all other respects, the judgment is affirmed.