Robert David HAMPSHIRE, Appellant,

v.

Betty HAMPSHIRE, Appellee.

No. 17332.

Court of Civil Appeals of Texas,
Fort Worth.

Sept. 15, 1972.

DeVore, Bagby, McGahey & Ross, and
Albert C. Ross, Arlington, for appellant.

Ernest May, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

Robert David Hampshire, appellant, sued
his wife, Betty Jo Hampshire, for a di-
vorce and for a division of their property.
At the conclusion of a non-jury trial judg-
ment was rendered granting plaintiff a di-
vorce and dividing the property. The
plaintiff has appealed contending that the
trial court erred in awarding to Mrs.
Hampshire a one-half interest in a house
and lot located in Fort Worth, Texas, that
the parties purchased shortly after they
were married. No complaint is made on

appeal of the part of the judgment that grants the divorce.

Appellant urges four points of error as follows: (1) error in the court's finding that it was upon appellant's direction that the contract of sale was drawn so that the sellers of the house and lot contracted to sell the house to both appellant and his wife, Betty Jo, because there was no evidence to support the finding; (2) court erred in finding that the sellers made and delivered the deed to the house and lot to the appellant and his wife, the appellee herein, because there is no evidence to support the finding that the appellant had possession of the deed at any time; (3) court erred in finding that appellant intended to give his wife a half interest in the house and lot because that finding is against the great weight and preponderance of the evidence; and (4) the court erred in finding appellant and appellee to be tenants in common of the house and lot because such finding is against the great weight and preponderance of the evidence.

We overrule all of appellant's points of error.

In considering these points we have reviewed the entire record.

Evidence was offered during the trial to the following effect: The parties married in Tulsa, Oklahoma, on May 12, 1966; at that time Mrs. Hampshire lived and worked in Tulsa and gave her employer two weeks notice of termination and did not come to Fort Worth, Texas, following the marriage until after June 1, 1966; following the marriage ceremony, Mr. Hampshire came to Fort Worth, negotiated for the purchase of the house in question, and on June 1, 1966, he entered into a sales contract with Mr. and Mrs. Burggraf by the terms of which the Burggrafs agreed to sell and convey to Mr. Hampshire and his wife, Betty Jo Hampshire, the Fort Worth house and lot in question; this sales contract was prepared in the realtor, Happy King's, office and Betty Jo Hampshire did not talk to King or to any one in his office relative to the sales contract that was prepared requiring her to be named as a grantee in the deed; she did not even know them at that time; Mr. Hampshire did all of the talking to the realtors about the form of the sales contract and he signed such contract with those provisions in it, stating that he doubts that he read it before signing it; Mr. Hampshire was the only one to whom the realtors talked that even knew his wife's name was Betty Jo; Mrs. Hampshire did not sign the sales contract because it was drawn and signed by appellant before she even came to Fort Worth; before the deal was closed the realtor, King, read aloud to Mr. and Mrs. Hampshire both the deed and the sales contract to see if they were drawn as the Hampshires wanted them to be drawn and it was on this occasion that the Hampshires paid in full for the house and lot; this property was fully paid for with money that Mr. Hampshire had inherited (his separate property); and the plaintiff and the defendant herein were both named in the deed as grantees.

Mrs. Hampshire testified at the trial as follows: Mr. Hampshire told her before marriage that if she would marry him he would buy her a house; that she was present at the closing and that Mr. Hampshire said many times at this closing that he was giving her part of the house; that Mr. Hampshire told the realtor that he wanted the deed made out in both their names as he was giving Mrs. Hampshire one-half of the house; that after the deed was recorded and given to them they kept it in their strong box from which place Mr. Hampshire thereafter took it out many times and looked at it; and that on the occasion when the realtor gave the deed to them they both read it through.

The title policy to the property was also issued in the names of both Mr. and Mrs. Hampshire.

Mr. Hampshire testified that he did not know that the sales contract which he signed provided that Mrs. Hampshire was

to be named as one of the grantees in the deed.

The law is that where no fraud is involved, if one legally competent to contract voluntarily signs an agreement without knowledge of its contents, he will be conclusively presumed to have consented to its terms and is charged with knowledge of the legal effect of such instrument. See 13 Tex.Jur.2d, Contracts, Sections 259 and 260, pp. 484-488; Barfield v. Howard M. Smith Company of Amarillo, 426 S.W.2d 834 (Tex.Sup., 1968); Estes v. Republic National Bank of Dallas, 462 S.W.2d 273 (Tex.Sup., 1970); Lamb v. Ed Maher, Inc., 368 S.W.2d 255 (Dallas Tex.Civ.App., 1963, no writ hist.); and Hamer v. Hope Cottage Children's Bureau, Inc., 389 S.W. 2d 123 (Dallas Tex.Civ.App., 1965, no writ hist.).

Since there was no contention that fraud was involved in this case, the husband, Mr. Hampshire, was legally charged with knowledge, under the above holdings, that the sales contract provided that the property would be conveyed jointly to the husband and wife. The evidence above set out was sufficient to justify the trial court in concluding that the husband knew that the deed conveyed the property to the parties jointly at the time he paid over the purchase price and that he was the cause of it being drawn that way.

It is established law in Texas that where a husband furnishes money which is his separate property to pay for land that is purchased during the marriage and takes title to the land in the name of himself and his wife the presumption is that he intended the interest that is thus placed in his wife by the deed to be a gift to her from him. Tate v. Tate, 299 S.W. 310 (Eastland Tex.Civ.App., 1927, no writ hist.) and Patterson v. Metzing, 424 S.W.2d 255 (Corpus Christi Tex.Civ.App., 1967, no writ hist.).

The deed from Mr. and Mrs. Burggraf conveying the house and lot in question to the Hampshires simply named the Hampshires as joint grantees of the property. It in no way attempted to specify the interest in the property that was conveyed to each of the grantees.

Where these facts are present, and there is no evidence to the contrary, courts presume and hold that each of the grantees acquire a one-half interest in the tract conveyed by the deed. John Hancock Mut. Life Ins. Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791 (Tex.Com.App., 1939) and Birk v. First Wichita National Bank of Wichita Falls, 352 S.W.2d 781 (Fort Worth Tex.Civ.App., 1961, ref. n. r. e.).

The mere fact that Mr. Hampshire denied, while testifying, that he intended to give his wife an interest in the house and lot did not conclusively establish the issue of gift in his favor, as he apparently contends on this appeal. We are convinced that the evidence in the case created a fact issue as to whether or not Mr. Hampshire intended to give his wife a one-half interest in the property. The trial court found against appellant on that fact issue and such finding is not against the great weight and preponderance of the evidence.

We hold that there was some evidence and that it was sufficient to support each of the trial court's findings that are complained of on this appeal by appellant.

The trial court's judgment assessed the court costs against Mrs. Hampshire.

She has filed a cross-point on this appeal contending that the court erred in assessing the court costs against her. Her position is that she did not contest appellant's suit for divorce and that she sought herein a partition of the realty involved, which was contested by appellant, and that she won the contested part of the case in that she was awarded a one-half interest in the realty and a partition thereof.

We overrule this cross-point.

The judgment herein was rendered and signed on January 4, 1972. The Texas

Family Code, V.T.C.A., became effective January 1, 1970. Section 3.65 thereof provides: "In a divorce . . . suit, the court may award costs to either party as it deems reasonable."

We hold that this statute was ample authority for the court's action in taxing the costs against Mrs. Hampshire under the particular facts of this case.

In addition to what we have said, this action was primarily a suit for a divorce. A division of the property of the parties is but ancillary to the divorce action. 20 Tex.Jur.2d 538, Divorce and Separation, Sections 202 and 203. The appellee, Mrs. Hampshire, lost the suit for divorce and the court could properly tax the costs against her.

The judgment is affirmed.