TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00326-CV






Oscar Omar Sosa and Margarita N. Sosa, Appellants


v.


Long Beach Mortgage Company; Long Beach Mortgage Loan Trust 2001-2;

Deutsche Bank National Trust Company f/k/a Bankers Trust Company

of California, N.A.; and Washington Mutual Bank F.A., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-GN-05-000428, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Appellants Oscar and Margarita Sosa challenge a summary judgment rendered in
favor of appellees Long Beach Mortgage Co., Deutsche Bank National Trust Co., and Washington
Mutual Bank (collectively "Long Beach" or "the bank"). On appeal, the Sosas contend that the trial
court improperly granted summary judgment in favor of the bank because their home equity loan
violated the Texas Constitution and was otherwise invalid. Because we conclude that the trial court
properly granted summary judgment, we affirm the judgment.


BACKGROUND


 After purchasing in 1995 a lot that contained two housing structures on it, the Sosas
claimed a homestead exemption on the entire lot for the tax years 1995 through 2002. The Sosas
executed a homestead designation in 1995, which they filed with the Travis Central Appraisal
District. Both structures located on the property were specifically identified in the records of the
Travis Central Appraisal District as being homestead property for the years 2001 and 2002. (1) In
February 2001, the Sosas obtained a home equity loan in the amount of $52,000 and entered into a
home equity loan agreement with Long Beach Mortgage, which was evidenced by a security
instrument giving Long Beach a lien on the entire property. When the Sosas defaulted on the note,
Long Beach foreclosed on the property. Two years later, the Sosas sued Long Beach for fraud and
wrongful foreclosure, claiming that only a portion of the property was their homestead and that the
loan violated the Texas Constitution, which prohibits a loan secured by additional property other
than the homestead. The Sosas urged that the loan was unconstitutional, that Long Beach had no
right to foreclose, and that the Sosas should be awarded the value of the property, exemplary
damages, and attorney's fees.

 Long Beach filed a motion for summary judgment, urging that the bank had
established all of the elements of its affirmative defense and, in addition, that there was no evidence
of the elements of the Sosas' claims. See Tex. R. Civ. P. 166a. The trial court granted the bank's
motion for summary judgment on its affirmative defense of estoppel and otherwise denied the
motion. In its order, the trial court also found that the Sosas had withdrawn their fraud claim. This
appeal followed.


DISCUSSION


 We review the trial court's grant of summary judgment de novo. See Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). We must determine whether the
movant carried its burden to establish that there existed no genuine issue of material fact and that
it was entitled to judgment as a matter of law. Joe v. Two Thirty Nine J. V., 145 S.W.3d 150, 157
(Tex. 2004). A defendant moving for summary judgment must disprove at least one element of a
plaintiff's cause of action or establish all elements of an affirmative defense. American Tobacco Co.
v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). Estoppel is an affirmative defense. Tex. R. Civ. P.
94. A defendant moving for summary judgment on the affirmative defense of estoppel has the
burden to conclusively establish that defense. Knott, 128 S.W.3d at 220. We assume all evidence
favorable to the nonmovants is true, indulge every reasonable inference in favor of the nonmovants,
and resolve any doubts in their favor. Id. at 215. Once the movant has established a right to
summary judgment, the nonmovant must expressly present any reasons seeking to avoid the
movant's entitlement and must support the reasons with summary judgment proof to establish a
fact issue. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). In
reviewing a summary judgment, we consider all grounds presented to the trial court and preserved
on appeal. Knott, 128 S.W.3d at 216; Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626
(Tex. 1996). In this case, the trial court's order specifies the ground relied upon for its summary
judgment ruling; thus, the summary judgment will be affirmed if the theory relied upon by the trial
court is meritorious. Cates, 927 S.W.2d at 625; State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374,
380 (Tex. 1993).

 Homesteads are protected from forced sale for the payment of debts, except for those
debts specifically enumerated in the constitution such as the home equity loan here to the extent the
loan is on the homestead. Tex. Const. art. XVI, § 50(a); see Tex. Prop. Code Ann. § 41.001(b)
(West Supp. 2005). Constitutional homestead rights protect citizens from losing their homes and
have historically enjoyed great protection in our jurisprudence. Kendall Builders, Inc. v. Chesson,
149 S.W.3d 796, 807 (Tex. App.--Austin 2004, pet. denied). Property designated as a homestead
only loses that character through abandonment, death, or alienation. Majeski v. Estate of Majeski,
163 S.W.3d 102, 107 (Tex. App.--Austin 2005, no pet.). Evidence establishing the abandonment
of a homestead "'must be undeniably clear'" and must show "'beyond almost the shadow, at least
[of] all reasonable ground of dispute, that there has been a total abandonment with an intention not
to return and claim the exemption.'" Burkhardt v. Lieberman, 159 S.W.2d 847, 852 (Tex. 1942)
(quoting Gouhenant v. Cockrell, 20 Tex. 96, 98 (1857)). If a lien that is not constitutionally
permitted is placed on property that has not lost its homestead character, the lien on the property is
void. Laster v. First Huntsville Props. Co., 826 S.W.2d 125, 129-30 (Tex. 1991).

 Among the grounds urged in its motion for summary judgment, Long Beach urged
as an affirmative defense that estoppel bars the Sosas' claims as a matter of law. Specifically, Long
Beach contends that because the Sosas claimed the property as their homestead with the tax authority
as well as in the documents executed in connection with the home equity loan, the Sosas are
estopped from taking a position contrary to those representations in this litigation. Attaching to their
motion the documents evidencing the debt and the homestead exemption claimed to the tax
authorities, Long Beach contends that, in the absence of fraud, accident, or mutual mistake, estoppel
precludes the Sosas from accepting the benefits of the loan while denying the terms of the security
instrument. At the hearing on the motion, the Sosas did not contend that the contract was entered
into by accident or mutual mistake, and they withdrew their claim of fraud.

 To establish the affirmative defense of estoppel, Long Beach must conclusively prove
the following elements: (1) a false representation or concealment of material facts; (2) made with
the knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted
on; (4) to a party without knowledge or means of obtaining knowledge of the facts; and (5) who
detrimentally relies on the representations. Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,
962 S.W.2d 507, 515-16 (Tex. 1998). Estoppel arises where, by the fault of one, another is induced
to change his position to his detriment. Vessels v. Anschutz Corp., 823 S.W.2d 762, 765
(Tex. App.--Texarkana 1992, writ denied). The Sosas do not contend that Long Beach failed to
establish the elements of its affirmative defense. In the court below, the Sosas urged only that their
use of the property was open and obvious and that estoppel by declaration is inapplicable. 

 It is well settled that the parties to a contract have an obligation to protect themselves
by reading what they sign. G-W-L, Inc. v. Robichaux, 643 S.W.2d 392, 393 (Tex. 1982), overruled
on other grounds by Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349 (Tex. 1987). Unless there
is some basis for finding fraud, the parties may not excuse themselves from the consequences of
failing to meet that obligation. Id. If no fraud is involved, one who signs an agreement without
knowledge of its contents is presumed to have consented to its terms and is charged with knowledge
of the agreement's legal effect; in those circumstances, a party's failure to read an instrument before
signing it is not a ground for avoiding it. Id.; see also Estes v. Republic Nat'l Bank, 462 S.W.2d 273,
276 (Tex. 1970); Hampshire v. Hampshire, 485 S.W.2d 314, 316 (Tex. Civ. App.--Fort Worth
1972, no writ).

 The Sosas urge that at all times relevant to this action there have been two houses on
the property at issue and that they did not intend to encumber the portion of the property that was not
their homestead. They do not deny their homestead designation but claim that at some point they
abandoned it or, at least, abandoned it as to a portion of their property. The only evidence submitted
in response to the motion for summary judgment were the affidavits of Oscar and Margarita Sosa. (2) 
In his affidavit, Oscar Sosa averred that he and his wife lived in the "back" house and leased the
front unit (Unit A) to tenants and that the Sosas were involved in a legal action in small claims court
in December 2001 that declared their property not to be a homestead. (3) He further averred that "[i]n
connection with obtaining the home equity loan, we were advised that we would have to divide our
property into two lots because the home equity loan could only be secured by our Homestead
Property, that [w]e did not realize when we closed on our Home Equity Loan in February 2001, but
we later discovered after September 2003 that Long Beach Mortgage took both our Homestead
Property and our Rental Property to secure our Home Equity Loan," and that when the Sosas
executed the loan documents, they "believed that the Home Equity Loan was secured only by the
home we occupied, our Homestead Property."

 The evidence is uncontroverted that the Sosas claimed a homestead exemption for
the entirety of the property from the date of the purchase of the property through tax year 2002. The
record shows that the Sosas never disputed the fact that they claimed a homestead exemption for the
entirety of the property on the lot from the date of purchases through tax year 2002 and affirmatively
represented to Long Beach that they had done so. The only documentary evidence in the record
shows that it was not until 2003, more than two years after the home equity loan, that the Travis
Central Appraisal District records reflect that the property was divided to claim a homestead
exemption for only a portion of the property. The Sosas signed the home equity loan documents and
affidavits affirming that the property was their homestead and that the homestead was being used
to secure the home equity loan that the Sosas sought. The document entitled "Texas Home Equity
Affidavit and Agreement" described the entire property as did the other documents evidencing the
loan. The home equity loan documents reflect that the entire property was designated as their
homestead and that this property was being used to secure the home equity loan at issue. In the
absence of fraud on the part of Long Beach, the Sosas cannot avoid the terms of the agreement. 
Thus, Long Beach demonstrated its entitlement to summary judgment on its affirmative defense of
estoppel, and the Sosas failed to present competent evidence to defeat Long Beach's defense or to
raise a fact question. Because the Sosas (i) represented to Long Beach that the entire property was
their homestead, and (ii) claimed a homestead exemption on the entire property in loan instruments
and to tax authorities, and (iii) because Long Beach relied on the Sosas' representations and sworn
affidavits to loan them $52,000 secured by their purported homestead, we conclude the trial court
properly found that the Sosas are estopped from claiming that the loan violated the constitution
and did not err in rendering summary judgment in favor of Long Beach. We overrule the Sosas'
issues on appeal.


CONCLUSION


 Having overruled the Sosas' issues, we conclude that the trial court did not err in
granting Long Beach's motion for summary judgment. Accordingly, we affirm the judgment of the
trial court.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: June 12, 2007

1. In 2003, the records of the Travis Central Appraisal District reflect that the owner divided
the property to claim a homestead exemption only for a portion of the property.
2. In her affidavit, Mrs. Sosa testified regarding the Sosas' efforts to obtain legal
representation. Mr. Sosa's affidavit is included in the appendix to the Sosas' brief, but it does not
appear in the record.
3. An order in a small claims case does appear in the appendix to the bank's brief, but does
not appear in the record. The order appears to reflect a dispute between the Sosas and a tenant who
filed a "Motion for Garnishment and Motion to Declare Property Not a Homestead." The order
reflects that the court found that Margarita Sosa and "third-party defendant, Omar O. Sosa
('landlord') ha[d] abandoned Unit A . . . and that Unit A is not a homestead." Because this
document and related proceedings do not appear in the record, we may not consider it. In any event,
this case appears to have occurred after the Sosas' home equity loan was issued.