# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00326-CV

Oscar Omar Sosa and Margarita N. Sosa, Appellants

v.

Long Beach Mortgage Company; Long Beach Mortgage Loan Trust 2001-2;
Deutsche Bank National Trust Company f/k/a Bankers Trust Company
of California, N.A.; and Washington Mutual Bank F.A., Appellees

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-05-000428, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Oscar and Margarita Sosa challenge a summary judgment rendered in favor of appellees Long Beach Mortgage Co., Deutsche Bank National Trust Co., and Washington Mutual Bank (collectively "Long Beach" or "the bank"). On appeal, the Sosas contend that the trial court improperly granted summary judgment in favor of the bank because their home equity loan violated the Texas Constitution and was otherwise invalid. Because we conclude that the trial court properly granted summary judgment, we affirm the judgment.

## BACKGROUND

After purchasing in 1995 a lot that contained two housing structures on it, the Sosas claimed a homestead exemption on the entire lot for the tax years 1995 through 2002. The Sosas executed a homestead designation in 1995, which they filed with the Travis Central Appraisal

District.  Both structures located on the property were specifically identified in the records of the Travis Central Appraisal District as being homestead property for the years 2001 and 2002.[1]  In February 2001, the Sosas obtained a home equity loan in the amount of $52,000 and entered into a home equity loan agreement with Long Beach Mortgage, which was evidenced by a security instrument giving Long Beach a lien on the entire property.  When the Sosas defaulted on the note, Long Beach foreclosed on the property.  Two years later, the Sosas sued Long Beach for fraud and wrongful foreclosure, claiming that only a portion of the property was their homestead and that the loan violated the Texas Constitution, which prohibits a loan secured by additional property other than the homestead.  The Sosas urged that the loan was unconstitutional, that Long Beach had no right to foreclose, and that the Sosas should be awarded the value of the property, exemplary damages, and attorney's fees.

Long Beach filed a motion for summary judgment, urging that the bank had established all of the elements of its affirmative defense and, in addition, that there was no evidence of the elements of the Sosas' claims.  *See* Tex. R. Civ. P. 166a.  The trial court granted the bank's motion for summary judgment on its affirmative defense of estoppel and otherwise denied the motion.  In its order, the trial court also found that the Sosas had withdrawn their fraud claim.  This appeal followed.

## DISCUSSION

We review the trial court's grant of summary judgment *de novo*.  *See Provident Life*

---

[1] In 2003, the records of the Travis Central Appraisal District reflect that the owner divided the property to claim a homestead exemption only for a portion of the property.

*& Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We must determine whether the movant carried its burden to establish that there existed no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Joe v. Two Thirty Nine J. V.*, 145 S.W.3d 150, 157 (Tex. 2004). A defendant moving for summary judgment must disprove at least one element of a plaintiff's cause of action or establish all elements of an affirmative defense. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Estoppel is an affirmative defense. Tex. R. Civ. P. 94. A defendant moving for summary judgment on the affirmative defense of estoppel has the burden to conclusively establish that defense. *Knott*, 128 S.W.3d at 220. We assume all evidence favorable to the nonmovants is true, indulge every reasonable inference in favor of the nonmovants, and resolve any doubts in their favor. *Id.* at 215. Once the movant has established a right to summary judgment, the nonmovant must expressly present any reasons seeking to avoid the movant's entitlement and must support the reasons with summary judgment proof to establish a fact issue. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). In reviewing a summary judgment, we consider all grounds presented to the trial court and preserved on appeal. *Knott*, 128 S.W.3d at 216; *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). In this case, the trial court's order specifies the ground relied upon for its summary judgment ruling; thus, the summary judgment will be affirmed if the theory relied upon by the trial court is meritorious. *Cates*, 927 S.W.2d at 625; *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

Homesteads are protected from forced sale for the payment of debts, except for those debts specifically enumerated in the constitution such as the home equity loan here to the extent the

3

loan is on the homestead. Tex. Const. art. XVI, § 50(a); *see* Tex. Prop. Code Ann. § 41.001(b) (West Supp. 2005). Constitutional homestead rights protect citizens from losing their homes and have historically enjoyed great protection in our jurisprudence. *Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 807 (Tex. App.—Austin 2004, pet. denied). Property designated as a homestead only loses that character through abandonment, death, or alienation. *Majeski v. Estate of Majeski*, 163 S.W.3d 102, 107 (Tex. App.—Austin 2005, no pet.). Evidence establishing the abandonment of a homestead "'must be undeniably clear'" and must show "'beyond almost the shadow, at least [of] all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption.'" *Burkhardt v. Lieberman*, 159 S.W.2d 847, 852 (Tex. 1942) (quoting *Gouhenant v. Cockrell*, 20 Tex. 96, 98 (1857)). If a lien that is not constitutionally permitted is placed on property that has not lost its homestead character, the lien on the property is void. *Laster v. First Huntsville Props. Co.*, 826 S.W.2d 125, 129-30 (Tex. 1991).

Among the grounds urged in its motion for summary judgment, Long Beach urged as an affirmative defense that estoppel bars the Sosas' claims as a matter of law. Specifically, Long Beach contends that because the Sosas claimed the property as their homestead with the tax authority as well as in the documents executed in connection with the home equity loan, the Sosas are estopped from taking a position contrary to those representations in this litigation. Attaching to their motion the documents evidencing the debt and the homestead exemption claimed to the tax authorities, Long Beach contends that, in the absence of fraud, accident, or mutual mistake, estoppel precludes the Sosas from accepting the benefits of the loan while denying the terms of the security instrument. At the hearing on the motion, the Sosas did not contend that the contract was entered

4

into by accident or mutual mistake, and they withdrew their claim of fraud.

To establish the affirmative defense of estoppel, Long Beach must conclusively prove the following elements: (1) a false representation or concealment of material facts; (2) made with the knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; and (5) who detrimentally relies on the representations. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998). Estoppel arises where, by the fault of one, another is induced to change his position to his detriment. *Vessels v. Anschutz Corp.*, 823 S.W.2d 762, 765 (Tex. App.—Texarkana 1992, writ denied). The Sosas do not contend that Long Beach failed to establish the elements of its affirmative defense. In the court below, the Sosas urged only that their use of the property was open and obvious and that estoppel by declaration is inapplicable.

It is well settled that the parties to a contract have an obligation to protect themselves by reading what they sign. *G-W-L, Inc. v. Robichaux*, 643 S.W.2d 392, 393 (Tex. 1982), *overruled on other grounds by Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex. 1987). Unless there is some basis for finding fraud, the parties may not excuse themselves from the consequences of failing to meet that obligation. *Id.* If no fraud is involved, one who signs an agreement without knowledge of its contents is presumed to have consented to its terms and is charged with knowledge of the agreement's legal effect; in those circumstances, a party's failure to read an instrument before signing it is not a ground for avoiding it. *Id.*; *see also Estes v. Republic Nat'l Bank*, 462 S.W.2d 273, 276 (Tex. 1970); *Hampshire v. Hampshire*, 485 S.W.2d 314, 316 (Tex. Civ. App.—Fort Worth 1972, no writ).

The Sosas urge that at all times relevant to this action there have been two houses on the property at issue and that they did not intend to encumber the portion of the property that was not their homestead. They do not deny their homestead designation but claim that at some point they abandoned it or, at least, abandoned it as to a portion of their property. The only evidence submitted in response to the motion for summary judgment were the affidavits of Oscar and Margarita Sosa.[2] In his affidavit, Oscar Sosa averred that he and his wife lived in the "back" house and leased the front unit (Unit A) to tenants and that the Sosas were involved in a legal action in small claims court in December 2001 that declared their property not to be a homestead.[3] He further averred that "[i]n connection with obtaining the home equity loan, we were advised that we would have to divide our property into two lots because the home equity loan could only be secured by our Homestead Property, that [w]e did not realize when we closed on our Home Equity Loan in February 2001, but we later discovered after September 2003 that Long Beach Mortgage took both our Homestead Property and our Rental Property to secure our Home Equity Loan," and that when the Sosas executed the loan documents, they "believed that the Home Equity Loan was secured only by the home we occupied, our Homestead Property."

---

[2] In her affidavit, Mrs. Sosa testified regarding the Sosas' efforts to obtain legal representation. Mr. Sosa's affidavit is included in the appendix to the Sosas' brief, but it does not appear in the record.

[3] An order in a small claims case does appear in the appendix to the bank's brief, but does not appear in the record. The order appears to reflect a dispute between the Sosas and a tenant who filed a "Motion for Garnishment and Motion to Declare Property Not a Homestead." The order reflects that the court found that Margarita Sosa and "third-party defendant, Omar O. Sosa ('landlord') ha[d] abandoned Unit A . . . and that Unit A is not a homestead." Because this document and related proceedings do not appear in the record, we may not consider it. In any event, this case appears to have occurred after the Sosas' home equity loan was issued.

The evidence is uncontroverted that the Sosas claimed a homestead exemption for the entirety of the property from the date of the purchase of the property through tax year 2002. The record shows that the Sosas never disputed the fact that they claimed a homestead exemption for the entirety of the property on the lot from the date of purchases through tax year 2002 and affirmatively represented to Long Beach that they had done so. The only documentary evidence in the record shows that it was not until 2003, more than two years after the home equity loan, that the Travis Central Appraisal District records reflect that the property was divided to claim a homestead exemption for only a portion of the property. The Sosas signed the home equity loan documents and affidavits affirming that the property was their homestead and that the homestead was being used to secure the home equity loan that the Sosas sought. The document entitled "Texas Home Equity Affidavit and Agreement" described the entire property as did the other documents evidencing the loan. The home equity loan documents reflect that the entire property was designated as their homestead and that this property was being used to secure the home equity loan at issue. In the absence of fraud on the part of Long Beach, the Sosas cannot avoid the terms of the agreement. Thus, Long Beach demonstrated its entitlement to summary judgment on its affirmative defense of estoppel, and the Sosas failed to present competent evidence to defeat Long Beach's defense or to raise a fact question. Because the Sosas (i) represented to Long Beach that the entire property was their homestead, and (ii) claimed a homestead exemption on the entire property in loan instruments and to tax authorities, and (iii) because Long Beach relied on the Sosas' representations and sworn affidavits to loan them $52,000 secured by their purported homestead, we conclude the trial court properly found that the Sosas are estopped from claiming that the loan violated the constitution

7

and did not err in rendering summary judgment in favor of Long Beach.  We overrule the Sosas'

issues on appeal.

## CONCLUSION

Having overruled the Sosas' issues, we conclude that the trial court did not err in

granting Long Beach's motion for summary judgment.  Accordingly, we affirm the judgment of the

trial court.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   June 12, 2007

8