

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00033-CV

IN THE MATTER OF THE MARRIAGE OF
WARREN ROBERT BASSETT AND MARY ANWUZIA

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-727980-23, Honorable Kenneth Newell, Presiding

August 27, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Mary Anwuzia, appeals from a Final Decree of Divorce dissolving her marriage to Warren Robert Bassett and dividing their property. In a single issue, Mary contends the trial court erred in characterizing their residence at 5200 Walsh Drive, Arlington, Texas, and a 2022 Chevrolet Trail Boss pickup as separate property solely owned by Warren. We affirm.

**Background**

Mary and Warren married in May 2018. In November 2021, during the marriage, Warren's mother, Debbie, passed away. Warren inherited approximately $650,000 from his mother's estate. He used these funds to purchase a Chevrolet pickup for $69,000 and a residence[1] for approximately $363,000.[2] The deed and vehicle title for both properties listed Warren and Mary as owners.

In January 2023, Warren filed for divorce. He requested that the court confirm his separate property and sought reimbursement for items purchased with his inheritance, including $384,934.50 for the residence and $69,000 for the Chevrolet pickup. Mary's counter-petition characterized both properties as part of the community estate.

At trial, Warren testified about the nature of the disputed property. He stated that he used his inheritance to purchase both the residence and the Chevrolet pickup. No funds for the purchases came from any other source.[3] Warren emphasized that he and Mary agreed to follow his mother's wishes, who "absolutely" did not intend to give anything to Mary. Warren testified he never told Mary the home was a gift to her.

Mary's sworn inventory, filed before trial, characterized the disputed properties as community property and stated she had no separate property, contrary to her position at trial. Mary conceded that all the money from Debbie had been awarded to Warren,

---

[1] The address of the residence is 5200 Walsh Drive in Arlington, Texas.

[2] Other portions of the inheritance were used to pay off the outstanding indebtedness for Mary's vehicle, to put funds in trust for Warren's son, and to contribute to a 529 savings plan.

[3] Warren also provided extensive documentation to trace the inheritance funds used for these purchases and testified that he and Mary had no other financial means of buying the truck or the residence.

individually, as inheritance. Mary once testified that Debbie intended the inheritance to go to both Warren and her,[4] but no documentary evidence was admitted to support this statement. Similarly, Mary's attempt to testify that Warren intended to make a gift to her of the home was terminated when the trial court sustained Warren's objection due to lack of supporting allegations and failing to identify any separate property in her inventory. Warren also attacked Mary's credibility for truthfulness, testifying without objection that she had falsified messages, hacked into his accounts, misused his financial information, and repeatedly violated court orders.

After a bench trial, the court awarded the residence and pickup to Warren as his sole and separate property. No findings of fact or conclusions of law were requested or made. Mary appeals from the trial court's characterization of this property.

**Analysis**

On appeal, Mary concedes that Warren purchased the residence and pickup with separate property funds. She contends, however, that when Warren added Mary's name to both titles at the time of purchase, a presumption arose that he intended to make a gift of one-half of the residence and pickup to her. *See Cockerham v. Cockerham*, 627 S.W.2d 162, 168 (Tex. 1975); *J.M. v. C.M.*, No. 02-19-00277-CV, 2021 Tex. App. LEXIS 1631, at *5 n.9 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (mem. op.). Mary asserts that Warren failed to overcome this presumption by clearly establishing there was no intent to make a gift. *See Cockerham*, 527 S.W.2d at 168; *Galindo v. Galindo*, No. 02-

---

[4] Mary claimed she possessed a supporting text message from Debbie, but it was never admitted into evidence.

22-00472-CV, 2023 Tex. App. LEXIS 5323, at *14 (Tex. App.—Fort Worth June 20, 2023, no pet.); *In re Marriage of Moncey*, 404 S.W.3d 701, 710 (Tex. App.—Texarkana 2013, no pet.).

We review a trial court's characterization of property for an abuse of discretion. *Boyd v. Boyd*, 131 S.W.3d 605, 617 (Tex. App.—Fort Worth 2004, no pet.).[5] We uphold the implied finding of the trial court that Warren did not intend to make a gift to Mary if there is "any support in the evidence." *Galindo*, No. 02-22-00472-CV, 2023 Tex. App. LEXIS 5323, at *15 (*quoting Cockerham*, 527 S.W.2d at 168).[6]

Here, Warren testified without objection that he and Mary agreed to follow his mother's wishes for how to spend the inheritance money. Per Warren, Debbie "absolutely" did not intend to give anything to Mary. Likewise, Warren unequivocally testified he never told her that purchase of the residence was a gift.

While Mary claimed that Debbie had intended the inheritance for both of them, she was unable to produce evidence to support her position. In addition, Mary's own sworn inventory, filed before trial and admitted as evidence, characterized the disputed properties as community property and stated she had no separate property. When she

---

[5] As a court receiving this appeal from the Second Court of Appeals, we are bound by the Second Court's precedent, as well as that of the Supreme Court of Texas, consistent with principles of *stare decisis*. *See* TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 258 (Tex. 2022).

[6] *See also Hampshire v. Hampshire*, 485 S.W.2d 314, 316 (Tex. App.—Fort Worth 1972, no writ) (holding that a spouse's denial of intending a gift, while not conclusive, creates a fact issue on whether the spouse intended to give the other spouse a one-half interest in the property); *Fellows v. Fellows*, No. 05-98-00618-CV, 2000 Tex. App. LEXIS 4834, at *4–5 (Tex. App.—Dallas July 24, 2000, no pet.) (holding husband overcame the gift presumption by testifying he did not intend gift to wife despite listing both names on the deed).

4

sought to testify contrary to her inventory, the court sustained Warren's objection. Mary does not complain that the court erred in its evidentiary ruling.

Given the evidence presented and the deference we must afford to the trial court's factual determinations, we cannot say that the court abused its discretion in characterizing the residence and pickup as Warren's separate property. Warren's detailed testimony about the source of funds, his mother's wishes, and lack of donative intent, provided sufficient evidence to rebut the presumption of a gift.

## Conclusion

We overrule Mary's sole issue and affirm the trial court's Final Decree of Divorce.


Lawrence M. Doss
Justice