C. Wayne VESSELS, Trustee, and in his Individual Capacity; and O.F. Crookham, Appellants,

v.

The ANSCHUTZ CORP., Santa Fe Minerals Inc., S.F.M. Holdings, Inc., Santa Fe International Corp., and Santa Fe Minerals, a Division of Santa Fe International Corp., Appellees.

No. 6–91–072–CV.

Court of Appeals of Texas, Texarkana.

Jan. 22, 1992.

David M. Kennedy, Kennedy, Minshew, Campbell, Fry & Morris, Sherman, for appellants.

Stuart C. Hollimon, Strasburger & Price, Dallas, Andrew D. Sims, Harris, Finley & Bogle, P.C., Fort Worth, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

This is an action for tortious interference with a contractual and business relationship and conspiracy to commit tortious interference. C. Wayne Vessels and O.F. Crookham are appealing a summary judgment granted in favor of The Anschutz Corporation and Santa Fe Minerals, Inc. on their affirmative defenses of estoppel, waiver, and ratification.

In 1986, the Red River National Bank in Clarksville owned a 565.29 acre tract of land, including one half of the minerals free of any lease. The appellants, acting through Vessels, negotiated a letter of intent in which they agreed to buy, and the bank agreed to sell, the tract for $650 an acre, a total purchase price of $367,438.50. The bank's chairman signed the letter, and Vessels paid $2,000 into escrow. Consum-

mation of the sale was made contingent upon the board of directors' approval of the personal financial statements of the individual purchasers. This condition was never fulfilled.

About one month later, the bank executed an oil, gas, and mineral lease to the Anschutz Corporation. Anschutz later assigned part of its working interest to Santa Fe Minerals. The bank refused to go through with the sale to Vessels and Crookham, so Vessels and Crookham sued the bank for breach of contract and for specific performance of the letter of intent. When the bank became insolvent, the FDIC was substituted for the bank and the matter was removed to federal court.

Vessels and Crookham subsequently filed this suit, a separate suit, alleging that Anschutz and Santa Fe had interfered with their contractual and business relationship with the bank. About one year later, the federal lawsuit was settled. The FDIC agreed to sell Vessels and Crookham the land, and Vessels and Crookham agreed to: (1) pay $225,000 cash; (2) release to the FDIC any interest they had in the accrued oil royalties; and, (3) ratify the Anschutz lease.

Vessels and Crookham then continued to prosecute the state suit for tortious interference. Santa Fe and Anschutz filed their motions for summary judgment based upon the doctrines of ratification, estoppel, and waiver, arguing that because Vessels and Crookham had ratified the lease, they were barred from pursuing the tortious interference claim. The trial judge granted these motions and entered summary judgment.

In three points of error, Vessels and Crookham complain that the trial court erred in granting Anschutz's and Santa Fe's motions for summary judgment, because Anschutz and Santa Fe failed to prove all elements of any of their affirmative defenses as a matter of law.

■ A defendant who moves for summary judgment on the basis of an affirmative defense must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). In reviewing a summary judgment,

every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor. *Gonzalez v. Mission American Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990).

■ We shall first address the defense of ratification. Ratification is the adoption or confirmation by a person, with knowledge of all material facts, of a prior act which did not then legally bind that person and which that person had the right to repudiate. *Kunkel v. Kunkel*, 515 S.W.2d 941, 948 (Tex.Civ.App.–Amarillo 1974, writ ref'd n.r.e.).

■ Vessels and Crookham signed a ratification agreement which states that they intend "to be bound by the terms of said oil, gas, and mineral lease as fully as if [they] had been original lessors under the terms of said lease." Anschutz and Santa Fe argue that Vessels and Crookham are legally deemed to have authorized the granting of the lease at the time it was granted and cannot now complain about the transaction.

The ratification agreement, however, was an agreement "to be bound by the terms of the lease." It should not be construed as a ratification of the alleged tortious conduct of Anschutz and Santa Fe or as a release of claims against Anschutz and Santa Fe. Although Vessels and Crookham eventually purchased the land, they lost the use of the land for three years, the opportunity to negotiate a lease at a higher royalty rate or bonus payment, and three years of royalties. Their agreement to be bound by the terms of the lease is not inconsistent with their desire to prove that Anschutz's and Santa Fe's wrongful conduct caused these damages.

*Herider Farms–El Paso, Inc. v. Criswell*, 519 S.W.2d 473 (Tex.Civ.App.–El Paso 1975, writ ref'd n.r.e.), is illustrative of this point. In *Herider Farms*, Roy Herider was the successful bidder to purchase a poultry business. John Criswell was the manager and an unsuccessful bidder. Criswell arranged to lease the business premises to himself and persuaded Herider's employees to work for him. After hiring

away the employees and the premises, Criswell offered to buy Herider's business for book value. Herider sold him the business for $10,000 over book value.

Herider then sued for tortious interference. The trial court granted summary judgment for Criswell, reasoning that Herider, having sold the business with knowledge of Criswell's conduct, had received the benefit of the contract and could not seek tort damages. The appellate court reversed, holding that the sale of the business did not bar the claim. The implicit holding is that by selling the business, Herider did not ratify the tortious conduct that put him in the position of having to sell it.

Likewise, in this case, by agreeing to be bound by the lease, Vessels and Crookham did not ratify the tortious conduct that caused them to have to accept the lease or else lose the property. Summary judgment should not have been granted on the basis of ratification.

■ We turn now to the defense of waiver. Waiver is the intentional relinquishment of a known right, or intentional conduct inconsistent with claiming that right. *Sun Exploration and Production Co. v. Benton,* 728 S.W.2d 35, 37 (Tex. 1987). The elements of waiver include (1) an existing right, benefit, or advantage; (2) a knowledge, actual or constructive, of its existence; and (3) an actual intention to relinquish it (which can be inferred from conduct). *Federal Deposit Ins. Corp. v. Attayi,* 745 S.W.2d 939, 946 (Tex.App.–Houston [1st Dist.] 1988, no writ); *Cattle Feeders, Inc. v. Jordan,* 549 S.W.2d 29, 33 (Tex.Civ.App.–Corpus Christi 1977, no writ).

■ Waiver is largely a question of intent. *Kennedy v. Bender,* 104 Tex. 149, 135 S.W. 524, 525 (1911). There can be no waiver unless so intended by one party and so understood by the other. *Loggins v. Gates,* 301 S.W.2d 525, 527 (Tex.Civ.App.–Waco 1957, writ ref'd n.r.e.). Waiver by implication should not be inferred contrary to the intention of the party whose rights would be injuriously affected thereby, unless the opposite party has been misled to his or her prejudice. *Cox v. Bancoklaho-* ma *Agri–Service Corp.,* 641 S.W.2d 400, 404 (Tex.App.–Amarillo 1982, no writ).

■ Waiver may, of course be established as a matter of law. *H.A. Lott, Inc. v. Pittsburgh Plate Glass Co.,* 432 S.W.2d 583, 586 (Tex.Civ.App.–Amarillo 1968, no writ). We do not think it has been so established in this case, however. Reasonable minds could differ as to whether the act of ratifying the lease warrants the inference of an intention to waive the tortious interference claim. Therefore, a fact question remains for the jury to decide. *See Ford v. Culbertson,* 158 Tex. 124, 308 S.W.2d 855, 865 (1958). Anschutz and Santa Fe have not established waiver as a matter of law, and summary judgment should not have been granted on that basis.

■ We finally address the defense of estoppel. Estoppel arises where, by the fault of one party, another has been induced to change his position for the worse. *The Praetorians v. Strickland,* 66 S.W.2d 686, 688–89 (Tex.Comm'n App.1933, judgm't approved). Ordinarily, estoppel requires a showing of detrimental reliance by the party asserting the theory. *Thate v. Texas & Pacific Ry. Co.,* 595 S.W.2d 591, 595 (Tex.Civ.App.–Dallas 1980, writ dism'd). Neither Anschutz nor Santa Fe has changed its position in reliance on the ratification of the lease. Santa Fe was bound to pay royalties before Vessels and Crookham ratified the lease, and its obligation was not altered by the ratification except to substitute a different payee.

■ In quasi estoppel, however, no misrepresentation on one side, and no reliance on the other, is necessary to make out the defense. *El Paso National Bank v. Southwest Numismatic Investment Group Ltd.,* 548 S.W.2d 942, 948 (Tex.Civ.App.–El Paso 1977, no writ); *Stimpson v. Plano Indep. School Dist.,* 743 S.W.2d 944, 946 (Tex.App.–Dallas 1987, writ denied). Quasi estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by him. The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or of which he

accepted a benefit. *Steubner Realty 19 v. Cravens Road 88*, 817 S.W.2d 160, 164 (Tex.App.–Houston [14th Dist.] 1991, n.w.h.). The doctrine of quasi estoppel does not, however, apply to the present case. As discussed above, Vessels' and Crookham's continued claim for tort damages is not necessarily inconsistent with their agreement to be bound by the lease. Anschutz and Santa Fe argue that a person should not be permitted to accept the beneficial part of a transaction and repudiate the disadvantageous part, citing *Braxton v. Haney*, 82 S.W.2d 984, 986 (Tex.Civ. App.–Waco 1935, writ ref'd). One who retains benefits under a transaction cannot avoid its obligations and is estopped to take an inconsistent position. *Theriot v. Smith*, 263 S.W.2d 181, 183 (Tex.Civ.App.–Waco 1953, writ dism'd). This principle is sound law, but it is not applicable to this case. Vessels and Crookham do not seek to avoid their obligations under the lease while continuing to accept royalties. They do not seek to repudiate any provision of the lease. We find that summary judgment should not have been granted on the basis of estoppel.

Anschutz and Santa Fe have not proved as a matter of law all of the essential elements of any of their affirmative defenses. Thus, the summary judgment cannot be upheld. The judgment is reversed, and the case is remanded for a trial on the merits.