BAO 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-93-00115-CV








Buy American Oil, Inc. and W. H. Pumphrey, Jr., Appellants




vs.




G. W. Baird and Roland Baird, Individually, and as Attorneys-in-Fact


for Hertha Baird Kennedy and Peter Becker, Appellees








FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT


NO. 9746, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING





 

 Appellees G. W. Baird and Roland Baird (the "Bairds") filed suit against appellants
Buy American Oil, Inc. and W. H. Pumphrey, Jr. (collectively, "BAO") (1) and others for several
causes of action, including fraudulent inducement in the execution of an oil and gas lease and
breach of the implied covenant to prudently operate the lease. A jury found BAO fraudulently
induced the execution of the lease and failed to operate the lease as a reasonably prudent operator. 
BAO requested that the Bairds elect a remedy. See Fina Supply, Inc. v. Abilene Nat'l Bank, 726
S.W.2d 537, 541 (Tex. 1987). The Bairds elected the remedy of rescission. After a hearing to
balance the equities, the trial court rendered a final judgment from which BAO appeals granting
rescission and awarding the Bairds $65,090.10 in damages. We will affirm.



BACKGROUND


 On May 23, 1989, the Bairds and BAO executed an oil and gas lease for 294 acres
in Lee County. The lease provided for a two-year primary term and a twenty-five percent royalty
to be paid to the lessors, the Bairds. Before the transaction, BAO made several specific
representations about actions that they would undertake in the event that the Bairds signed the
lease. The Bairds contend that they would not have entered into the lease without BAO's
promises on those specific matters. 

 When BAO began operating the lease, the Texas Railroad Commission had placed
a "pipeline severance" on the property that prohibited production. BAO plugged Well No. 5 on
the lease in order to remove the severance. BAO then placed the lease back into production and
paid royalties to the Bairds for approximately two years. 

 In April 1991, the Bairds filed suit against BAO alleging that BAO had not fulfilled
several promises made during the lease negotiations. A jury found that BAO fraudulently induced
the Bairds to enter into the lease and that BAO failed to operate the lease as a reasonably prudent
operator. The trial court rendered judgment in favor of the Bairds, granting their requested
remedy of rescission and awarding damages of $65,090.10. By seven points of error, BAO
appeals from the judgment. The Bairds allege one cross-point of error.



DISCUSSION


 BAO argues in its first point of error that the trial court erred in denying BAO's
motion for instructed verdict because there was no evidence, or alternatively insufficient evidence,
that BAO committed fraud by making promises that it did not intend to keep at the time the
promises were made. BAO claims that the statements made were merely opinions or expectations
about the future and did not constitute promises to the Bairds.

 The Bairds respond that BAO made certain specific representations concerning the
operation of the lease. They claim that BAO promised to bring all seven wells on the lease into
production, including Well No. 5, which needed completion. The Bairds allege that BAO
promised to run electricity to every well, install pumping units to increase production, install
storage tanks, cover exposed flowlines, refrain from selling the lease to a third party, fill open pits
and clean the surface of the lease, and assign the Bairds 65,000 shares of stock worth $1.00 to
$1.25 per share in Krystal Industries, a Texas corporation.

 In reviewing the denial of a defendant's motion for instructed verdict, all evidence
favorable to the plaintiff is to be given credit, every legitimate conclusion favorable to the plaintiff
indulged, and all adverse evidence disregarded. Texas & P. Ry. v. Hagenloh, 247 S.W.2d 236,
237 (Tex. 1952). The denial of a motion for instructed verdict raises only a "no evidence"
question and not a question of the sufficiency of the evidence. Great Atl. & Pac. Tea Co. v.
Giles, 354 S.W.2d 410, 412 (Tex. Civ. App.--Dallas 1962, writ ref'd n.r.e.). Therefore, we will
examine BAO's first point of error as a "no evidence" point. In deciding a no-evidence point, we
must consider only the evidence and inferences tending to support the finding of the trier of fact
and disregard all evidence and inferences to the contrary. Alm v. Aluminum Co. of Am., 717
S.W.2d 588, 593 (Tex. 1986), cert. denied, 111 S. Ct. 135 (1990); Garza v. Alviar, 395 S.W.2d
821, 823 (Tex. 1965). 

 The elements of fraud are: (1) a material representation was made; (2) the
representation was false; (3) when the speaker made the representation, he or she knew it was
false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) the
speaker made the representation with the intention that the other party would act upon it; (5) the
other party acted in reliance upon it; and (6) the other party thereby suffered injury. Trenholm
v. Ratcliff, 646 S.W.2d 927, 930 (Tex. 1983); Wilson v. Jones, 45 S.W.2d 572, 573 (Tex.
Comm'n App. 1932, holding approved). A promise to perform an act in the future may be
actionable fraud if it is made with the intention, design, and purpose of deceiving, and with no
intention of performing the act. Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex.
1986). Intent to defraud is not susceptible of direct proof and, therefore, must be proven by
circumstantial evidence. Id. at 435. For example, a party's intent may be inferred from the
party's acts after the time the representation was made. Id. at 434. However, failure to perform,
standing alone, is no evidence of the promisor's intent not to perform when the promise was
made. Id. at 435. A breach of the promise to perform and slight circumstantial evidence of fraud
will support a finding of fraudulent intent. Id. 

 The record contains circumstantial evidence of fraud. Approximately four months
after the lease was signed, BAO plugged Well No. 5, breaking its promise to complete the well. 
BAO stated that plugging was necessary in order to lift the Railroad Commission's pipeline
severance. Shortly thereafter, in October 1989, BAO advertised the lease for sale in Dallas and
Houston newspapers, contrary to a promise not to sell the lease to a third party. The Bairds later
learned that the value of the stock in Krystal Industries differed from the amount BAO promised. 
Krystal was a Utah "shell" corporation with no business ventures or employees. The shares had
originally been bought by Pumphrey for 2.9 cents per share, and were restricted so that they could
not be sold for two years. The above evidence, and the fact that BAO failed to perform each of
the other promises the Bairds described, is sufficient to support the denial of BAO's motion for
an instructed verdict. 

 BAO argues that the statements were opinions and projections rather than promises. 
Generally, an opinion may not be the basis for actionable fraud. Trenholm, 646 S.W.2d at 930. 
However, expression of an opinion may constitute fraud if the speaker has knowledge of the
opinion's falsity or if the speaker purports to have special knowledge of facts that will occur or
exist in the future. Id. The context in which statements or opinions are made is a factor in
determining if the speaker purported to have special knowledge. Id. at 932. Before the lease was
signed, BAO asserted that it would perform the specific acts described above, thereby increasing
production. In the context of negotiating an oil and gas lease, a potential operator such as BAO
has special knowledge as to what actions it will take if it assumes the role of lease operator. The
Bairds had no method of obtaining such information except through reliance on BAO's statements. 
Whether BAO's statements about the future were promises or opinions, sufficient evidence of
fraud existed to deny BAO's motion for an instructed verdict. We overrule BAO's first point of
error.

 In its second point of error, BAO alleges that the jury's failure to find ratification,
waiver, estoppel, and laches is unsupported by the great weight and preponderance of the
evidence. BAO claims the Bairds signed a ratification of the lease approximately six months after
the lease was signed, and they accepted benefits such as monthly royalties and overriding royalties
for two years. In 1990, the Bairds requested an amendment to the lease without mentioning the
matters which the Bairds claim were fraudulently misrepresented. BAO alleges that the Bairds'
actions and their "silence" concerning any complaints evidenced ratification, waiver, estoppel, and
laches. The jury failed to find ratification, waiver, estoppel, or laches on the part of the Bairds. 

 When reviewing a jury verdict to determine the factual sufficiency of the evidence,
we must consider and weigh all the evidence and should set aside the judgment only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951);
see also Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). See generally William
Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex.
L. Rev. 515 (1991). 

 Ratification is the adoption or confirmation by a person, with knowledge of all
material facts, of a prior act which did not then legally bind that person and which that person had
the right to repudiate. Vessels v. Anschutz Corp., 823 S.W.2d 762, 764 (Tex. App.--Texarkana
1992, writ denied). Waiver is the intentional relinquishment of a known right or intentional
conduct inconsistent with claiming that right. Sun Exploration & Prod. Co. v. Benton, 728
S.W.2d 35, 37 (Tex. 1987). The elements of waiver include the existence of a right, benefit, or
advantage; knowledge of its existence; and actual intent to relinquish the right, which can be
inferred from conduct. Vessels, 823 S.W.2d at 765. Waiver is largely a question of intent. No
waiver occurs unless one party intends to waive, and the intention is understood by the other
party. Id.

 Estoppel arises when one party has been induced to change its position for the
worst through the fault of the other party. Id. Estoppel requires a showing of detrimental reliance
by the party asserting the theory. Id. Laches involves the failure to do something which should
be done or to claim or enforce a right at a proper time. Black's Law Dictionary 875 (6th ed.
1990). Laches generally requires both a delay and showing that the party asserting the theory has
suffered prejudice as a result of that delay. Turner v. Hunt, 116 S.W.2d 688, 691 (Tex. 1938);
Burford v. Sun Oil Co., 186 S.W.2d 306, 309 (Tex. Civ. App.--Austin 1944, writ ref'd w.o.m.).

 The jury verdict is not contrary to the overwhelming weight of the evidence; ample
evidence exists in the record to support the verdict. At the time the Bairds signed the ratification
agreement, they did not know that BAO was not carrying out or planning to not carry out the
promises made to the Bairds. For example, the Bairds did not know that BAO had permanently
plugged Well No. 5 and tried to sell the lease. The Bairds did not remain silent for two years;
they complained in a June 1990 letter to BAO that the lease had not been operated, developed, or
restored as the parties had agreed, and they asked for information about their stock in Krystal
Industries, Inc. The evidence demonstrates that the jury findings should not be set aside. BAO's
second point of error is overruled. 

 BAO contends in its third point of error that the trial court erred in refusing BAO's
request to permit a rebuttal witness to testify. The witness was not identified in BAO's responses
to interrogatories. The failure of a party to supplement answers to interrogatories under Texas
Rules of Civil Procedure 166b(6) and 215(5) results in the automatic exclusion of the testimony
of the unidentified witness, unless the trial court finds good cause exists for allowing the witness
to testify. Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 395 (Tex. 1989); Morrow v.
H.E.B., Inc., 714 S.W.2d 297, 297-98 (Tex. 1986). Rules 166b(6) and 215(5) permit the trial
court to exclude a rebuttal witness, unless good cause exists because the witness's use could not
have been anticipated before trial and the exclusion would keep important testimony from the jury. 
Quitta v. Fossati, 808 S.W.2d 636, 640 (Tex. App.--Corpus Christi 1991, writ denied); see
Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992). The determination of good
cause lies within the sound discretion of the trial court, and may be set aside only if the court
acted without reference to any guiding rules or principles. Quitta, 808 S.W.2d at 640. 

 The trial court acted within its discretion in refusing to allow the testimony. The
record contains no evidence that BAO attempted to make a showing of good cause. The trial
court did not abuse its discretion in excluding the witness. BAO's third point of error is
overruled.

 In its sixth point of error, BAO asserts that the trial court erred in failing to make
findings of fact, despite timely requests by BAO. The request stems from the post-judgment
hearing to balance the equities. The hearing was held by consent after the jury trial in order to
allow the court to grant the full remedy of rescission. Findings of fact are neither necessary nor
proper after a jury trial. Tex. R. Civ. P. 296; Ditto v. Ditto Inv. Co., 309 S.W.2d 219, 220 (Tex.
1958). The court has no duty or authority to file findings of fact for a post-judgment hearing. 
Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex. App.--Amarillo 1993, no writ); Johnson v.
J. W. Constr. Co., 717 S.W.2d 464, 467-68 (Tex. App.--Fort Worth 1986, no writ); cf. Ditto, 309
S.W.2d at 220. The trial court did not err in failing to make findings of fact. We overrule
BAO's sixth point of error.

 BAO's fifth point of error concerns the remedy awarded to the Bairds. BAO
complains that the court violated the election of remedies doctrine by signing a judgment that
awards the Bairds a double recovery of both rescission and damages in the amount of $65,090.10. 
BAO argues the judgment allowed the Bairds to rescind the lease and keep all of the benefits they
received under the lease. BAO also claims the court improperly balanced the equities because it
did not include compensation to BAO for time and travel expended by Pumphrey on matters
related to the lease. The Bairds, in their cross-point of error, claim that the trial court incorrectly
valued the benefit BAO received from operating the lease at $119,122.12 rather than at
$199,853.19. They argue that the trial court did not consider the larger benefit to BAO when
balancing the equities.

 Rescission is an equitable remedy. Complete and full justice is a fundamental
doctrine of equity jurisprudence, and if both damages and rescission are essential to accomplish
full justice, both will be allowed. Wintz v. Morrison, 17 Tex. 372, 385-86 (1856); Atkins v.
Beasley, 544 S.W.2d 505, 507 (Tex. Civ. App.--Waco 1976, no writ); Dews v. Floyd, 413 S.W.2d
800, 806 (Tex. Civ. App.--Tyler 1967, no writ). The record indicates that the lease itself had been
damaged by the plugging of Well No. 5. To simply rescind the lease without awarding money
damages would have placed the Bairds in a worse position than they were in at the time they
entered into the contract. In the interest of justice, the trial court awarded damages. The remedy
awarded to the Bairds was not a double recovery in violation of the election of remedies doctrine. 
Fina, 726 S.W.2d at 541. Money damages were proper because they effectuated the elected
remedy of rescission.

 It is not clear how the trial court arrived at the specific amount of damages awarded
to the Bairds. Without evidence in the record of how the trial court calculated the amount, this
Court will not speculate as to whether there was incomplete compensation for time spent by BAO
or an incorrect valuation of benefits that BAO received. The amount of damages awarded was
within the trial court's discretion. See J. C. Penney Co. v. Duran, 479 S.W.2d 374, 382 (Tex.
Civ. App.--San Antonio 1972, writ ref'd n.r.e.); Evans v. Rush, 254 S.W.2d 799, 802 (Tex. Civ.
App.--Amarillo 1952, no writ). BAO's fifth point of error and the Bairds' cross-point of error are
overruled.

 In its fourth point of error, BAO claims that the trial court erred in granting a
permanent injunction against BAO in the face of evidence that BAO is the beneficial owner of
one-half of the equipment on the lease. The injunction was granted to prevent acts of hostility by
BAO. It enjoins BAO from entering the lease premises, from interfering with the Bairds'
peaceable possession of the land, and from interfering with the operation of any oil and gas wells
on the lease. The injunction was not intended as a means of adjudicating the ownership of
equipment located on the property. In fact there is minimal evidence in the record as to who owns
the drilling equipment because the issue was not an integral part of the trial court proceeding. If
BAO's ownership rights are restricted as a result of the injunction, nothing in this proceeding
prevents it from taking appropriate steps to recover the equipment. We overrule BAO's fourth
point of error.



CONCLUSION


 Having overruled all points of error, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: April 26, 1995

Do Not Publish

1. [1]  W. H. Pumphrey, Jr. is the president of Buy American Oil, Inc.