**FORNEY 921 LOT DEVELOPMENT PARTNERS I, L.P., Appellant,**

v.

**PAUL TAYLOR HOMES, LTD. and Paul Taylor Corporation, Appellees.**

**No. 05–09–01000–CV.**

Court of Appeals of Texas, Dallas.

Sept. 8, 2011.

William Scott Hastings, Locke, Liddell & Sapp, L.L.P., Jason R. Marlin, Locke Lord & Liddell, Dallas, for Appellant.

Joel Randall Sharp, Hunton & Williams LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

---

**OPINION**

Opinion By Justice MOSELEY.

When property located within a municipal utility district (MUD) is sold, the seller is required to provide the purchaser with notice of certain tax and bond information about the property. *See* TEX. WATER CODE ANN. § 49.452(a) (West 2008). The water code mandates a specific form to be used to provide such notice. *See id.* § 49.452(b), (c), & (d). It also provides [1] that if the seller fails to provide the notice required prior to the execution of a binding contract of sale, "the purchaser shall be entitled to terminate the contract." *Id.* § 49.452(f).

Here, appellant (and seller) Forney 921 Lot Development Partners I, L.P. and appellee (and buyer) Paul Taylor Homes, Ltd. entered into a sales agreement concerning property located in a MUD. The agreement expressly acknowledged that section 49.452 applied, and then stated:

> The Statutory Notice is attached hereto as Exhibit D. Purchaser's and Seller's execution of this Agreement shall be deemed to constitute their execution of the Statutory Notice and Purchaser's acknowledgment of receipt of the Statutory Notice prior to execution of a binding contract for the purchase of the Lots.

Exhibit D, containing the applicable statutory form language, was attached to the agreement as stated. However, the "blanks" in the form were left unfilled.

In this opinion we determine whether, under the facts of this case, those blanks allow the buyer to terminate the agreement. For the reasons set forth herein, we conclude they do not. As a result, we reverse the trial court's final judgment in part. We affirm the trial court's final

---

1. With exceptions not applicable here.

judgment denying Forney's fraud claim and dismissing Paul Taylor Homes, Ltd.'s claim for return of its earnest money. However, we conclude Forney proved as a matter of law that quasi-estoppel bars appellees' affirmative defense that it was entitled to terminate the agreement because Forney failed to provide the notice required by section 49.452 of the water code. Therefore, we reverse the trial court's final judgment in favor of appellees Paul Taylor Homes, Ltd. and Paul Taylor Corporation (PTC) on Forney's claim for breach of contract and for Paul Taylor Homes, Ltd.'s claim for attorney's fees. We remand the case to the trial court for further proceedings.

## I. FACTUAL BACKGROUND

Forney is a limited partnership engaged in developing the Devonshire residential subdivision in Kaufman County. Paul Taylor Homes, Ltd. is a limited partnership that builds homes; its general partner is appellee PTC. PTC's president is Paul Taylor.

Forney and Taylor, as president of PTC, negotiated a Contract of Sale (the agreement) by which Paul Taylor Homes, Ltd. agreed to purchase from Forney fifty-five residential lots in the Devonshire subdivision according to a takedown schedule. This agreement provided that Paul Taylor Homes, Ltd. would pay $82,500 in earnest money, which it did. Paragraph 12.(b) of the agreement provided for Forney's remedies if Paul Taylor Homes, Ltd. did not purchase the lots as and when required under the agreement: (1) as to the first twenty-eight lots to be purchased by appellees (the Specific Performance Lots), either enforcing specific performance of the obligation to purchase those lots, or

terminating the contract and recovering actual, compensatory damages, plus costs and expenses, including attorney's fees; and, (2) as to the remaining lots (the non-Specific Performance Lots), retaining the earnest money as liquidated damages. The agreement was effective in March 2006; the scheduled completion date was May 30, 2007.

Devonshire is located in a MUD. The portion of the agreement described above in the introduction is paragraph 23.F. It provides in its entirety:

> F. *District Notice.* Because the Property is located within the District,[2] the Texas Water Code (Chapter 49.452) requires Seller to deliver to Purchaser the statutory notice (the "Statutory Notice") relating to the tax rate, bonded indebtedness or standby fee of the District prior to execution of this Agreement. The Statutory Notice is attached hereto as Exhibit D. *Purchaser's and Seller's execution of this Agreement shall be deemed to constitute their execution of the Statutory Notice and Purchaser's acknowledgment of receipt of the Statutory Notice prior to execution of a binding contract for purchase of the Lots.*

(Emphasis added.) Exhibit D to the agreement, entitled "STATUTORY NOTICE," correctly recites the text found in section 49.452(b) *See* TEX. WATER CODE ANN. § 49.452(b). However, the five blanks in the statutory language are left blank in Exhibit D; thus Exhibit D shows no amounts for the tax rates, bond amounts, or standby fees.

In June 2006, Paul Taylor Homes, Ltd. executed a document entitled "Estoppel and Consent of Assignment of Contract"

**2.** The "definitions" portion of the agreement defined "District" as "Kaufman County Municipal Utility District No. 2."

relating to Forney's assignment of its rights under the agreement to Forney's lender, Bank of the Ozarks. In that document, Paul Taylor Homes, Ltd. made the following representations, among others, to Forney, which we quote:

2. The Contract [that is, the agreement] is in full force and effect.

3. To Purchaser's knowledge, no default exists thereunder and no event which with the giving of notice or passage of time exists under the Contract as of the date hereof.

4. All conditions to the effectiveness or the continuing effectiveness of the Contract have been satisfied, except to the extent such conditions cannot be satisfied until the passage of time or completion of construction of improvements contemplated by the Contract.

Additionally, in August 2006, Forney and Paul Taylor Homes, Ltd. executed a First Amendment to Contract for Sale, amending the agreement by extending the scheduled completion date to March 31, 2008, and increasing the number of lots to be purchased from fifty-five to fifty-seven. That document states in part: *"Ratification.* Except as provided otherwise in this Amendment, the Contract shall continue in full force and effect in accordance with its terms."

On January 28, 2008, before Paul Taylor Homes, Ltd. bought any of the lots, it executed a letter to Forney terminating the agreement pursuant to section 49.452(f). In the letter, signed by "Paul Taylor, President of the general partner of Paul Taylor Homes, Limited," Taylor said the agreement "did not disclose the amounts or projected amounts of the taxes which would be levied by the Kaufman

County [MUD]." Further, he said that had he been advised of the amount of such taxes, he would not have executed the agreement. He said that "[s]ince learning the amount of the taxes on each lot ... I have concluded that the tax burden is simply too great for the homes we would build in that market." Despite Taylor's request that the earnest money be promptly returned, it was not.

## II. PROCEDURAL BACKGROUND

Forney sued Paul Taylor Homes, Ltd. and PTC (collectively, appellees). In its original petition, Forney alleged appellees' termination constituted a breach (or anticipatory breach) of the agreement. Forney sought a judgment ordering appellees to purchase the Specific Performance lots and a declaratory judgment that Forney was entitled to retain the earnest money as liquidated damages for the failure to buy the non-Specific Performance lots. Forney also requested costs and expenses, including attorney's fees pursuant to the agreement and to section 38.001 of the civil practice and remedies code; and pre- and post-judgment interest. The petition also included a jury demand.

Appellees filed an Original Answer and Counterclaim, denying the allegations. Appellees alleged that Forney failed to comply with the notice required by the water code, describing Exhibit D to the agreement as merely a "blank form." They asserted that after the agreement was signed, Forney revealed[3] the proposed property tax rate and the amount of the bonds to be issued by the MUD as well as the fact that the MUD would impose taxes on the lot purchasers to recover the expenses of providing roads and water infrastructure. Thereafter, Paul Taylor Homes, Ltd. terminated the agreement

---

**3.** Appellees alleged Forney revealed this information in proposed amendments to the agreement, which appellees had not agreed to and had not signed.

pursuant to section 49.452. As an affirmative defense, appellees alleged that Forney's claims were barred because it failed to provide the notice required section 49.452 and thus Paul Taylor Homes, Ltd. was entitled to terminate the agreement under the statute. In addition, PTC alleged it was not a party to the agreement and Forney was not entitled to any recovery or claim against it.

Appellees also asserted as a counterclaim that Forney breached the agreement by not returning the earnest money to Paul Taylor Homes, Ltd. after it properly terminated the agreement. They requested return of the earnest money and attorney's fees. They also sought a declaratory judgment that Paul Taylor Homes, Ltd. was entitled to terminate the agreement under the water code.

Subsequently, Forney filed a First Amended Petition reiterating its claims for declaratory judgment and breach of contract/anticipatory breach of contract, requests for relief, and jury demand. Forney alleged that the statutory notice was provided to appellees and was attached as Exhibit D to the agreement, blanks were left in the statutory notice, and appellees "represented and acknowledged to Forney in [paragraph 23.F of the agreement] that they had received the Statutory Notice, and [appellees] did not otherwise request or demand that the blanks be filled in or advise Forney that they had not received all the notice they were entitled to receive under Section 49.452 of the Water Code." Forney also added a fraud claim against appellees based on "actions, omissions, and silence" in signing the agreement, the Estoppel and Consent, and the First Amendment while remaining silent as to any issue concerning the statutory notice. As a remedy, Forney requested exemplary damages not limited by statutory caps.

Forney also filed a Special Exceptions and First Amended Answer to Defendants' Counterclaims, generally denying appellees' allegations. Forney also asserted as affirmative defenses: appellees' declaratory judgment and breach of contract claims were barred because they failed to present any issues not already before the court; waiver; ratification; estoppel by contract; promissory and equitable estoppel; laches; and failure to mitigate damages.

Forney moved for partial summary judgment on appellees' statutory affirmative defense, supported by evidence. It sought summary judgment on grounds that appellees had waived and were estopped (reciting the quasi-estoppel standard) from complaining of the blanks in the statutory notice form required under section 49.452. Appellees filed a response, supported by Taylor's affidavit. It asserted that Paul Taylor Homes, Ltd. had terminated the agreement as it was entitled to do under the statute; that Forney failed to meet its burden to prove conclusively its waiver and quasi-estoppel theories; and that fact issues remained on those theories.

Appellees also filed a motion for summary judgment on both traditional and no-evidence grounds. Specifically, appellees sought summary judgment: (1) on Forney's affirmative claims against them; (2) on Paul Taylor Homes, Ltd.'s breach of contract claim against Forney; and (3) on Forney's waiver, estoppel, and laches affirmative defenses because they did not apply as a matter of law and because there was no evidence to support them. Appellees rested their arguments on the following statement:

> It is undisputed that Forney 921 did not provide PTH with the required statutory notice before, or at the time of, the 2006 Agreement. Instead, Forney 921 (who drafted the Agreement) simply included

a provision in the Agreement *reciting* that the statutory notice had been given, then stapled a blank form—*with all of the required information omitted*—to the back of the Agreement.

Appellees argued that, under the unambiguous language of sections 46.452(b) and (f), Forney had the legal duty to supply Paul Taylor Homes, Ltd. with written notice, including specific information about tax rates and bond amounts, and its failure to do so vested in the purchaser a legal right to terminate the contract.

Finally, appellees asserted that: PTC was not a party to the agreement; there was no evidence of any other agreement between Forney and PTC supporting Forney's breach of contract or declaratory judgment claims against PTC; and there was no evidence of any element of Forney's fraud claim against PTC. Therefore, appellees asserted PTC was entitled to summary judgment on all Forney's affirmative claims.

Forney responded to appellees' motion, arguing that appellees' justification for terminating the agreement failed because the evidence conclusively established its affirmative defenses of waiver, quasi-estoppel, and ratification. Forney argued that appellees' no-evidence ground as to whether they received the statutory notice failed as that matter was an affirmative defense of appellees, and not a matter on which Forney would have the burden of proof at trial. Forney also asserted there was evidence appellees received the statutory notice and evidence supporting each element of Forney's fraud claim and its waiver, estoppel, and ratification affirmative de-

fenses to appellees' claim. Finally, Forney argued that PTC, as a general partner of a limited partnership, was liable for Paul Taylor Homes, Ltd.'s debts as a matter of law, and therefore was jointly and severally liable for breach of contract to the extent Paul Taylor Homes, Ltd. was liable.

The trial court signed an interlocutory Orders on Motions for Summary Judgment disposing of these motions. It denied Forney's motion for partial summary judgment and granted appellees' motion as to Forney's "affirmative claims and affirmative defenses," stating "Forney 921 shall take nothing on its affirmative claims, and those claims are denied." It denied appellees' motion for summary judgment as to Paul Taylor Homes, Ltd.'s counterclaim for breach of contract and return of its earnest money. The trial court also ruled that all relief sought by the parties' summary judgment motions not expressly granted in the order was denied.[4]

Subsequently, appellees filed a First Amended Answer and Counterclaim, asserting a counterclaim for unjust enrichment and/or money had and received, seeking the return of the earnest money on behalf of Paul Taylor Homes, Ltd.[5] Forney moved for final summary judgment, specifically addressing the equitable claim for return of the earnest money and for its attorney's fees. Appellees filed a response, arguing that in its prior order the trial court determined that the agreement had been "lawfully terminated" pursuant to section 49.452 and granted summary judgment for appellees on all of Forney's claims. Accordingly, they ar-

---

4. Forney moved to strike summary judgment evidence, and appellees responded. In its order, the trial court denied Forney's motion to strike. Forney does not challenge that decision on appeal.

5. Appellees asserted that PTC was not a party to the agreement, and Forney was not entitled to recover against PTC and reasserting the bar to Forney's claims of failure to comply with the section 49.452 statutory notice provision. Appellees also sought attorney's fees, costs, and interest.

gued, only two issues remained: whether Paul Taylor Homes, Ltd. was entitled to recover the earnest money under its equitable theory, and the amount of attorney's fees appellees should recover, which they argued Forney's motion did not address. Forney replied to appellees' response. The trial court denied Forney's motion.

After the parties agreed and stipulated to appellees' attorney's fees based on the summary judgment and appellees non-suited their earnest money claim with prejudice, the trial court signed a final judgment incorporating its earlier rulings and awarding attorney's fees to Paul Taylor Homes, Ltd. This appeal followed.[6]

### III. SUMMARY JUDGMENT

In three issues, Forney attacks the trial court's rulings on the motions for summary judgment. It asserts the trial court erred by rendering summary judgment in favor of appellees on its breach of contract claim based on appellees' no-statutory-notice affirmative defense, and on its waiver, quasi-estoppel, and ratification affirmative defenses to appellees' affirmative defense. It also asserts the trial court erred in granting appellees' no-evidence motion for summary judgment on its fraud claim.

### A. Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). The movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v.*

*Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

After adequate time for discovery, a party may (without presenting summary judgment evidence) move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which as adverse party would have the burden of proof at trial. *See* TEX.R. CIV. P. 166a(i). Such a motion must be granted unless the respondent produces evidence raising a material issue of fact as to each of the challenged elements of its claim or defense. *See id.; King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003). We review a no-evidence motion for summary judgment under the same legal sufficiency standard as a directed verdict. *King Ranch, Inc.*, 118 S.W.3d at 751.

In both traditional and no-evidence summary judgment motions, we review the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 823–24 (Tex.2005). When both parties move for summary judgment, each party must carry its own burden as movant. *See Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 871 (Tex.2005). Each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See Guynes v. Galveston Cnty.*, 861 S.W.2d

---

**6.** Forney's brief informs this Court that to avoid foreclosure it "sold the real estate at issue for a loss, thereby nullifying its claims for specific performance. Consequently, this is now an action for damages only."

861, 862 (Tex.1993). Each party also carries its own burden as the nonmovant in response to the other party's motion. *See James v. Hitchcock Indep. Sch. Dist.,* 742 S.W.2d 701, 703 (Tex App.-Houston [1st Dist.] 1987, writ denied).

■ When both parties file motions for summary judgment and one is granted and one is denied, we should consider all of the summary judgment evidence, determine all of the questions presented, and render the judgment the trial court should have rendered. *Comm'rs Court of Titus Cnty. v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). We consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

## B. Breach of Contract and Related Affirmative Defenses

In response to Forney's breach of contract claim, appellees pleaded as an affirmative defense that Forney failed to provide the notice required by the water code, and thus their termination of the contract was lawful. *See* TEX. WATER CODE ANN. § 49.452(a), (e). In response, Forney moved for partial summary judgment on grounds that appellees' affirmative defense was barred by Forney's affirmative defenses of waiver, quasi-estoppel, and laches.

Appellees then filed a traditional and no-evidence motion for summary judgment as to Forney's breach of contract claim and Forney's affirmative defenses to appellees' no-statutory-notice affirmative defense. The trial court denied Forney's motion and granted appellees' motion in part, ordering

that Forney take nothing by way of its affirmative claims.

In its first issue, Forney contends the trial court erred by granting summary judgment in appellees' favor on Forney's breach of contract claim. Under this issue, Forney argues the undisputed facts establish that Paul Taylor Homes, Ltd.: (1) waived its right to notice under section 49.452; (2) ratified the agreement, barring it from terminating the agreement; and (3) was barred by quasi-estoppel from terminating the agreement. Alternatively, Forney argues fact issues are presented on these theories.[7] In its second issue, Forney contends the trial court erred by granting partial summary judgment on Forney's waiver and quasi-estoppel affirmative defenses on no-evidence grounds.

### 1. Applicable Law

■ Section 49.452(f) provides in pertinent part:

> The notice required by this section shall be given to the prospective purchaser prior to execution of a binding contract of sale and purchase either separately or as an addendum or paragraph of a purchase contract. *In the event a contract of purchase and sale is entered into without the seller providing the notice required by this subsection, the purchaser shall be entitled to terminate the contract. . . .*

TEX. WATER CODE ANN. § 49.452(f) (emphasis added). Failure to give a required statutory notice may be interposed as an affirmative defense against a claim; rather than rebutting the factual allegations, such a plea in bar is an independent reason why the plaintiff should not recover. *See Cox v. Klug,* 855 S.W.2d 276, 280 (Tex.App.-Amarillo 1993, no writ).

---

7. Forney does not complain of the trial court's order disposing of its laches affirmative defense.

## 2. No–Evidence Motion Based on Affirmative Defense

■ Initially, we address and sustain Forney's second issue, which asserts the trial court erred to the extent it granted a no-evidence motion for partial summary judgment based on appellees' contention that they properly terminated the agreement because they did not received the notice required by section 49.452. Such a contention constitutes an affirmative defense. "An affirmative defense does not seek to defend by merely denying the plaintiff's claims, but rather seeks to establish 'an independent reason why the plaintiff should not recover.'" *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex.1996) (citation omitted).

■ A party may not file a no-evidence summary judgment motion on an affirmative defense, as at trial he would have the burden to prove that matter. *See Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Thus, the trial court erred to the extent it granted a no-evidence motion for summary judgment on this ground. *See* Tex.R. Civ. P. 166a(i). We sustain Forney's second issue to this extent.

## 3. Merits of the Parties' Motions

■ We next consider Forney's motion for partial summary judgment that appellees' affirmative defense of lack of statutory notice was barred by waiver and quasi-estoppel.[8] As movant, Forney bore the burden to establish its affirmative defenses as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Johnson*, 891 S.W.2d at 644; *Guynes*, 861 S.W.2d at 862. In doing so, we first address Forney's argument that it proved the affirmative defense of quasi-estoppel as a matter of law.

■ Quasi-estoppel (estoppel by contract) is a term applied to certain legal bars, such as ratification, election, acquiescence, or acceptance of benefits. *Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd.*, 817 S.W.2d 160, 164 (Tex.App.-Houston [14th Dist.] 1991, no writ). It is a long-standing doctrine applied to preclude contradictory positions: it precludes a person from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000); *see Schauer v. Von Schauer*, 138 S.W. 145, 149–50 (Tex.Civ.App.-Austin 1911, writ ref'd) ("Where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim, title, or right, he cannot afterwards assume a position inconsistent with such act, claim or conduct to the prejudice of another."). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced. *Lopez*, 22 S.W.3d at 864; *Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied); *Vessels v. Anschutz Corp.*, 823 S.W.2d 762, 765–66 (Tex.App.-Texarkana 1992, writ denied). Unlike equitable estoppel, quasi-estoppel does not require a showing of a false representation or detrimental reliance. *Steubner Realty 19, Ltd.*, 817 S.W.2d at 164.

Paragraph 23.F states appellees' initial position regarding the statutory notice. They agreed Paul Taylor Homes, Ltd. was entitled to notice pursuant to section 49.452; that Exhibit D was that notice; and that the execution of the agreement *"shall be deemed* to constitute their execu-

8. Unlike its response to appellees' motion for summary judgment, Forney's own motion for partial summary judgment did not assert ratification as an affirmative defense barring appellees' no-statutory-notice affirmative defense.

tion of the Statutory Notice and Purchaser's acknowledgment of receipt of the Statutory Notice prior to execution of a binding contract for purchase of the Lots." (Emphasis added.) Thus Paul Taylor Homes, Ltd. agreed that Exhibit D satisfied the statutory notice requirement—whether or not it in fact did. Paul Taylor Homes, Ltd. acknowledged that statutory notice was required because paragraph 23.F specifically referred to that requirement and section 49.452. Exhibit D is blank, and Taylor admitted in his deposition that he read both paragraph 23.F and Exhibit D and knew that Exhibit D was blank. Nevertheless, Taylor admitted that such blank notice did not "concern" him and did not "raise any red flags" for him.

Thereafter, in the June 2006, Paul Taylor Homes, Ltd. executed the Estoppel and Consent document in connection with Forney's assignment of rights under the agreement to Forney's lender, Paul Taylor Homes, Ltd. There it represented, among other things, that the agreement was in full force and effect, that to Paul Taylor Homes, Ltd.'s knowledge, "no default exists thereunder . . .", and that (with exceptions inapplicable here), "[a]ll conditions to the effectiveness or the continuing effectiveness of the Contract have been satisfied. . . ."

And in August 2006, Paul Taylor Homes, Ltd. executed the First Amendment to the agreement, increasing the number of lots to be purchased and extending the completion date. That document states in part: "*Ratification.* Except as provided otherwise in this Amendment, the Contract shall continue in full force and effect in accordance with its terms." In a deposition, Taylor was asked, "When you got this [that is, the First Amendment], did you let anybody at Forney know that you were concerned about the lack of notice of the

tax rates?" Taylor responded, "I did not." He agreed that he "still didn't know the tax rate at this time . . .," but he agreed he "went ahead and executed the First Amendment" and was "still very cooperative" and was "moving forward on the development[.]"

Some seventeen months later, however, appellees changed their position, contending for the first time that Forney did not provide the statutory notice and that, as a result, Paul Taylor Homes, Ltd. had the right to terminate the agreement pursuant to section 49.452(f).

The evidence shows Forney undertook debt to develop the property for purchase. Thus, the language of paragraph 23.F itself constitutes grounds for quasi-estoppel in that it precludes appellees from taking the position, to Forney's prejudice, that Forney failed to provide the statutory notice prior to the execution of the agreement after Paul Taylor Homes, Ltd. acknowledged it was entitled to statutory notice under section 49.452 and agreed that the execution of the agreement "shall be deemed to constitute their execution of the Statutory Notice and Purchaser's acknowledgment of receipt of the Statutory Notice prior to execution of a binding contract for purchase of the Lots. . . ." *See Lopez,* 22 S.W.3d at 864; *Vessels,* 823 S.W.2d at 765–66; *Schauer,* 138 S.W. at 149–50.

Similarly, in the Estoppel and Consent agreement appellees represented (referring to the agreement) that "no default exists thereunder . . .", and that "[a]ll conditions to the effectiveness or the continuing effectiveness of the Contract have been satisfied. . . ." And in the First Amendment to the agreement, they represented that "the Contract shall continue in full force and effect in accordance with its terms." These agreements, executed by Taylor as president of Paul Taylor Homes,

Ltd.'s general partner (PTC), also constitute grounds for quasi-estoppel, precluding appellees from taking the position, to Forney's prejudice, that Forney failed to provide the statutory notice prior to the execution of the agreement. *See Lopez*, 22 S.W.3d at 864; *Vessels*, 823 S.W.2d at 765–66; *Schauer*, 138 S.W. at 149–50. We also conclude that it would be unconscionable to allow appellees to maintain the position that Forney failed to provide the statutory notice prior to the execution of the agreement. *See Lopez*, 22 S.W.3d at 864; *Atkinson Gas Co.*, 878 S.W.2d at 240; *Vessels*, 823 S.W.2d at 765–66.

Here, there is evidence Taylor read and understood paragraph 23.F and Exhibit D, and no evidence Forney concealed or misstated anything about the right to notice or that Exhibit D was blank. There was also evidence that Taylor was aware of the blanks in Exhibit D when he executed the Estoppel and Consent and the First Amendment and was "moving forward on the development." The facts that Forney was "likely" represented by counsel, while appellees were not, and the agreement was drafted by Forney [9] may be "facts surrounding the bargaining process," but in light of all the evidence, they do not support a defense of no procedural unconscionability.

We conclude that Forney proved, as a matter of law, appellees' alleged affirmative defense based on the failure to provide notice pursuant to section 49.452 was barred by Forney's affirmative defense of quasi-estoppel. Thus, Forney established

its right to partial summary judgment on this ground, and the trial court erred in concluding otherwise. *See Guynes*, 861 S.W.2d at 862; *James*, 742 S.W.2d at 703; *see also Comm'rs Court of Titus Cnty.*, 940 S.W.2d at 81.[10] Further, as the no-statutory-notice affirmative defense was the only basis for Paul Taylor Homes, Ltd.'s motion for summary judgment as to Forney's breach of contract claim, the trial court erred in granting summary judgment as to that claim also.[11]

## C.  Fraud

In its second issue, Forney contends in part that the trial court erred by granting appellees' no-evidence motion for summary judgment on Forney's fraud claim.

### 1.  Standard of Review and Applicable Law

■ To prevail on a fraud claim, the plaintiff must show: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the defendants knew it was false or made it recklessly without any knowledge of the truth; (4) the defendant made the representation intending that the plaintiff act on it; (5) the plaintiff actually relied on it; and (6) the plaintiff incurred damages. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998).

### 2.  Discussion

■ In its First Amended Petition, Forney alleged the following representations supported its fraud claim: (1) para-

---

9. We note that paragraph 22.J of the agreement states: "*Construction.* This Agreement shall be construed fairly as to both parties and not in favor of or against any party, regardless of which party prepared this Agreement."

10. We need not consider Forney's arguments that it also proved as a matter of law its

affirmative defenses of waiver and ratification. *See* Tex.R.App. P. 47.7.

11. We address herein whether the trial court erred in granting appellees' motion summary judgment on PTC's liability for Forney's breach of contract claim.

graph 23.F of the agreement, in which appellees agreed the execution of the agreement "shall be deemed" to constitute compliance with the statute; (2) the Estoppel and Consent document, in which appellees represented that the agreement was "in full force and effect," that "no default exists," and that "[a]ll conditions to the effectiveness or the continuing effectiveness of the Contract have been satisfied"; and (3) the August 2006 First Amendment, which Forney argued included appellees' "specific ratification" of the agreement. Forney alleged that appellees made these representations knowing they had a right to statutory notice, section 49.452 applied to the agreement, and Exhibit D (the Statutory Notice) had five blanks. Forney alleged that, although appellees stated in the letter they were terminating the agreement for financial reasons, they "otherwise have taken the position that the [agreement] was subject to termination on the first date it was executed because of an alleged failure to provide an adequate Statutory Notice due to the five blanks in the statutory notice." According to Forney, this assertion specifically contradicted the representations in paragraph 23.F, the Estoppel and Consent, and the First Amendment to the agreement, and thus constituted evidence of misrepresentation.

■■■ In their motion for summary judgment, appellees argued there was no evidence of any element of fraud, specifically, an actionable false statement or material omission; intent to defraud; and reliance. Appellees argued that there was no evidence that Paul Taylor Homes, Ltd. did not intend to perform when it signed the agreement, the Estoppel and Consent, and the First Amendment. Appellees relied on the following principle:

> In actions for false-promise fraud, it is important to distinguish those cases in which a plaintiff was induced to enter into a contract by a promise that the defendant had no intention of keeping at the time she made it and those cases in which the defendant made a promise with intent to perform at the time she made it but later changed her mind; otherwise, every breach of contract would constitute an action for fraud.

*In re JNS Aviation, L.L.C.,* No. 04–21055–RLJ–7, 2008 WL 686159, at *2 (Bankr. N.D.Tex. Mar. 7, 2008) (mem. op. & order) (citing *King v. Wise,* 282 S.W. 570, 573 (Tex. Comm'n App.1926)), *aff'd sub nom JNS Aviation, Inc. v. Nick Corp.,* 418 B.R. 898 (N.D.Tex.2009), *aff'd sub nom In re: JNS Aviation, L.L.C.,* No. 09–11149, 2010 WL 3680844 (5th Cir. Sept. 14, 2010).

Appellees attached Taylor's affidavit to their motion, in which Taylor said that Forney presented a Second Amendment to the agreement in October 2007, which provided a new Exhibit D with the blanks filled in with information of the tax rate and amount of bonds, and also increasing the MUD's responsibility beyond water and sewer facilities to include roads within the development. Taylor said, "This was the first time that this information was provided to me, in writing or otherwise." Forney does not dispute that the specific tax amounts were not provided until October 2007, well after the statements Forney relies on.

It its response and on appeal, Forney relied on Taylor's termination letter, which indicated that appellees did not receive the required statutory notice, to argue that the acknowledgment of receipt of the notice as stated in paragraph 23.F was evidence of fraud, as were the representations in the Estoppel and Consent and the First Amendment. We disagree.

Following the *JNS* analysis, there is no evidence that when Taylor entered into the agreement on behalf of Paul Taylor Homes, Ltd., he had no intention of keep-

ing his promise to participate in the Devonshire development; rather, the evidence shows that when Taylor made that promise he intended to perform and did not change his mind until he learned of the amount of taxes on the lots. *See id.* We cannot agree with Forney that appellees' subsequent conduct in terminating the agreement establishes that the earlier statements about the agreement were fraudulent when made. Accordingly, there is no evidence the statements in paragraph 23.F or in the subsequent documents were fraudulent when made. Thus, Forney failed to meet its burden—under the no-evidence summary judgment standard—to marshal evidence that appellees' previous representations were false when made. *See* Tex.R. Civ. P. 166a(i); *King Ranch, Inc.*, 118 S.W.3d at 751. Because the trial court did not err by granting summary judgment in appellees' favor on Forney's fraud claim, we resolve Forney's second issue against it.

### D. PTC's Liability

In its third issue, Forney argues the trial court erred by granting appellees' motion for summary judgment on the ground that PTC was not a party to the agreement and not liable on any claim. In their amended answer, appellees alleged that PTC was not a party to the agreement and therefore Forney could not recover against PTC. Appellees moved for summary judgment on this ground, requesting summary judgment for PTC on all Forney's claims. In addition, appellees urged there was no evidence of any agreement between PTC and Forney to support a breach of contract claim or a declaratory judgment action. It its reply, Forney argued that Paul Taylor Homes, Ltd. was a limited partnership, PTC was Paul Taylor

Homes, Ltd.'s general partner, and a general partner of a limited partnership is liable for the debts of that limited partnership.

The order on the motions for summary judgment recites that the trial court granted appellees' motion in part "as to Forney 921's affirmative claims and affirmative defenses." The trial court also denied appellees' motion "on PTH's counterclaim for breach of contract and return of its Earnest Money. . . ." The order further recites, "[A]ll relief sought by the parties' summary judgment motions which is not expressly granted herein is hereby denied." The trial court did not expressly grant appellees' motion on grounds that PTC was entitled to summary judgment on Forney's affirmative claims.

However, in its final judgment the trial court incorporated the order on the motions for summary judgment and specifically ordered that Forney was liable to "Defendant Paul Taylor Homes, Ltd. ("PTH"), and PTH shall have judgment against [Forney], for . . . PTH's . . . attorneys' fees. . . ." By not expressly mentioning PTC in this disposition and despite an "all-relief-not-expressly-granted-is-denied" statement, we conclude the trial court impliedly granted summary judgment in PTC's favor on Forney's affirmative claims.[12] Such implied ruling was error.

Under Texas law, general partners of a limited partnership are jointly and severally liable with each other and with the partnership for partnership debts. *See Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 474 (Tex.App.-Dallas 2008, pet. denied) (citing then-subsisting article 6132a–1, § 4.03(b) of the Texas Revised Limited Partnership Act & *Pinebrook Props., Ltd. v. Brookhaven Lake Prop.*

---

12. If the trial court did not impliedly grant summary judgment in PTC's favor, it erred by entering a final judgment on PTC's liability without a basis for doing so.

*Owners Ass'n,* 77 S.W.3d 487, 499 (Tex. App.-Texarkana 2002, pet. denied)); *Shaw v. Kennedy, Ltd.,* 879 S.W.2d 240, 247 (Tex.App.-Amarillo 1994, no writ); *Fimberg v. F.D.I.C.,* 880 S.W.2d 83, 86 (Tex. App.-Texarkana 1994, writ denied); *see also* TEX. BUS. ORGS. CODE ANN. § 153.152(b) (West 2010) ("Except as provided by this chapter or the other limited partnership provisions, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners.").

PTC executed the agreement as the general partner of Paul Taylor Homes, Ltd., a limited partnership. Therefore, the undisputed evidence negates appellees' contention that PTC was entitled to summary judgment on Forney's breach of contract claim against Paul Taylor Homes, Ltd. because PTC was not a party to the agreement. To the extent Paul Taylor Homes, Ltd. is liable to Forney, PTC, its general partner, is jointly and severally liable to Forney. *See Fimberg,* 880 S.W.2d at 86. Appellees cite no authority to the contrary. As Forney alleged, PTC's alleged liability arises from its status as a general partner of a limited partnership, not from whether the general partnership was itself a contracting party to the agreement or to another contract with Forney. We resolve Forney's third issue in its favor.

## IV.  CONCLUSION

Our resolution of Forney's second issue regarding its fraud claim and appellees' failure to appeal the trial court's dismissal of their claim for the earnest money requires affirmance of the final judgment as to those two claims. Our resolution of Forney's first and third issues requires reversal of the trial court's final judgment as to Forney's breach of contract claim

against both Paul Taylor Homes, Ltd. and PTC. In addition, the attorney's fees stipulation was premised on appellees' prevailing on the breach of contract claim. Our decision that they do not prevail requires that we reverse the final judgment to the extent it awarded attorney's fees to Paul Taylor Homes, Ltd. We remand this case to the trial court for further proceedings.