**AFFIRM; and Opinion Filed April 22, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01540-CV**

**CADILLAC BAR WEST END REAL ESTATE AND L. K. WALES, Appellants**
**V.**
**LANDRY'S RESTAURANTS, INC.**
**AND LANDRY'S CRAB SHACK, INC., Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-10891**

# OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

This appeal involves a dispute over a commercial lease, specifically involving the assignment of that lease from one tenant to another. The trial court granted summary judgment in favor of appellees Landry's Restaurants, Inc. ("Landry's Restaurants") and Landry's Crab Shack, Inc. ("Landry's Crab Shack"). Appellants Cadillac Bar West End Real Estate ("Cadillac Bar") and L. K. Wales bring two issues in this Court, arguing the assignment of the lease was never effective and complaining of what they contend was a lack of proper notice to Wales, as indemnitor, of a settlement between appellees and the landlord. We affirm the trial court's judgment.

## Background

The property at issue is located in the West End area of downtown Dallas and is owned by The McNutt Group ("McNutt"). McNutt first leased the property to Landry's Crab Shack in January 1998. The parties' original lease (the "Lease") required Landry's Crab Shack to pay rent and taxes for a term of twenty years. The Lease allowed Landry's Crab Shack to assign the Lease with the consent of the landlord. However, regardless of any assignment, the Lease called for Landry's Crab Shack to remain liable for all Lease obligations. As part of the original Lease transaction, Landry's Restaurants agreed to indemnify the landlord for certain obligations of Landry's Crab Shack.

In August 2008, Landry's Crab Shack assigned the Lease to Cadillac Bar. W&M GP, LLC ("W&M") was the general partner of Cadillac Bar; Wales was the president of W&M. As part of the transaction, Wales signed a personal indemnity agreement: if Cadillac Bar breached any obligation under the Lease–and thus triggered Landry's Crab Shack's retained liability–then Wales would indemnify Landry's Crab Shack and Landry's Restaurants. As another part of the transaction McNutt executed an estoppel certificate giving its consent to the assignment.

Cadillac Bar opened its restaurant and did business on the leased premises, complying with the terms of the Lease until July 2009, when it failed to pay rent. McNutt then learned that Cadillac Bar had also failed to pay the 2008 property taxes due at the beginning of 2009, despite Landry's Crab Shack's having prorated the year's taxes and paying its share directly to Cadillac Bar. McNutt sued both Landry's Crab Shack and Cadillac Bar for breach of the Lease. Landry's Crab Shack and Landry's Restaurants then sued Cadillac Bar, W&E, and Wales for breach of the Lease and indemnity. The two lawsuits were eventually combined.

Over time, separate summary judgment motions were filed by McNutt, Cadillac Bar, and appellees. Cadillac Bar's argument, as movant and non-movant, was that the assignment of the

Lease was ineffective because Landry's Crab Shack and Cadillac Bar had not complied with certain conditions precedent to the landlord's consent to the assignment. The trial court initially granted McNutt's motion, denied Cadillac Bar's motion, and did not rule on appellees' motion.

On the morning that trial was to begin, the parties agreed to have the judge consider and rule on appellees' motion, and the judge granted it. That same morning, attorneys for McNutt and Landry's Crab Shack reported they had settled McNutt's claim for one million dollars. McNutt then non-suited his claim against Cadillac Bar. Thus, as trial began, McNutt was no longer a party, and liability was established in favor of appellees and against Cadillac Bar. The parties tried damages and attorney's fees issues, and the trial court signed a judgment awarding damages and fees to appellees. Cadillac Bar and Wales filed a motion for new trial, again arguing that the assignment was not valid, but the motion was denied. Cadillac Bar and Wales appeal.[1]

### Summary Judgment

Appellees filed a traditional motion for summary judgment on their breach-of-contract and indemnity claims. As movants, they had the burden of showing there was no genuine issue of material fact on those claims and that they were entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003. They were required to prove all essential elements of their causes of action as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). We review the trial court's ruling granting their motion de novo. *See id.*

---

[1] Because W&M did not appeal, the judgment against it is now final.

*The Breach-of-Contract Claim*

A successful breach of contract claim requires proof of the following elements: (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach. *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App.—Dallas 2008, no pet.). Landry's Crab Shack's contract claim is based upon its assignment of the Lease to Cadillac Bar, and Cadillac Bar's undisputed failure to pay rent and taxes required by the Lease.

In its summary judgment response, Cadillac Bar challenged only Landry's Crab Shack's proof of the first element of the contract claim. Cadillac Bar contends it did not have a valid contract with Landry's Crab Shack because the assignment of Landry's Crab Shack's rights under the Lease was never completed. Cadillac Bar argues specifically that McNutt placed certain conditions on its consent and that they were not performed. Cadillac Bar points to two un-performed conditions: having the estoppel certificate signed by all parties, and payment of attorney's fees to McNutt. The estoppel certificate in the summary judgment evidence is signed by McNutt but not by Cadillac Bar or Landry's Crab Shack. And there is no evidence in the summary judgment record that the fees contemplated by the estoppel certificate were paid.

Article 7 of the Lease is titled "Subletting, Assigning and Conveyances." It states, in relevant part, that the tenant may not assign its rights under the Lease "without the Landlord's prior written consent." It further says that the landlord's consent "shall not be unreasonably withheld, delayed or conditioned." In this case, McNutt's consent was not withheld or delayed; it was given in writing when he signed the estoppel certificate.

McNutt did originally condition its approval, but the conditions it sought were outside the obligations of the Lease. They were negotiated by McNutt, and only McNutt could complain of a failure to satisfy them. But McNutt does not complain about the conditions' not being

–4–

performed, nor does it contend the assignment was invalid. The summary judgment evidence includes the Affidavit of Robert P. McNutt, president of McNutt, in which he testifies he signed the estoppel certificate on behalf of McNutt in order to fulfill the consent requirement of the Lease for the assignment to Cadillac Bar. Moreover, the fact that McNutt sued Cadillac Bar– and not only Landry's Crab Shack–for breaching the Lease establishes that McNutt treated the assignment as valid. "It is well established that a provision in a lease prohibiting assignment without the landlord's consent is a provision for the landlord's benefit and may be waived by the landlord." *Twelve Oaks Tower I, Ltd. V. Premier Allergy, Inc.*, 938 S.W.2d 102, 112 (Tex. App.—Houston [14th Dist.] 1996, no writ). We conclude McNutt has waived performance of the additional conditions that it negotiated outside the provisions of the Lease. Cadillac Bar cannot avoid its own obligations under the Lease by identifying what is, at most, McNutt's waived injury.

Finally, we conclude that application of the doctrine of quasi-estoppel operates as a second ground for affirming the trial court's summary judgment on the contract claim. "Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). We apply this doctrine when it would be unconscionable for a party to maintain a position that is inconsistent with another position from which he accepted a benefit. *See id.* Appellees pleaded quasi-estoppel and included the ground in their motion for summary judgment. The summary judgment evidence establishes that Cadillac Bar did obtain all the benefits of the assignment from Landry's Crab Shack: it took possession of the property, opened and operated its restaurant business, and received revenue in that venture. By taking advantage of the assignment transaction, Cadillac Bar cannot now claim there was never an assignment from Landry's Crab Shack. *See Twelve Oaks Tower I*, 938 S.W.2d at 111.

The trial court correctly granted summary judgment on Cadillac Bar's breach-of-contract claim. We overrule appellants' first issue.

*The Indemnity Claim*

Appellees also moved for summary judgment on their claim for indemnity against Wales. They offered summary judgment evidence establishing Wales had executed an indemnity agreement, in his individual capacity, agreeing to indemnify appellees "from and against any and all claims of any nature, including but not limited to, rent, taxes, costs and expenses, interest, late fees, awards, judgments and penalties, and legal fees and expenses of [McNutt] or [Landry's Crab Shack] . . . arising under the terms of the [Lease]." When appellees' motion was heard, McNutt had already established its claim against Landry's Crab Shack for failure to pay rent and taxes under the Lease, and those parties had settled that claim. Thus, appellees had established their right to indemnity from Wales. Once a movant establishes its right to summary judgment as a matter of law, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact to preclude summary judgment. *Boudreau v. Fed. Trust Bank*, 115 S.W.3d 740, 743 (Tex. App.—Dallas 2003, pet. denied); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). Wales did not respond to the indemnity claim in any manner in his response to the summary judgment motion.

However, in their second issue in this Court, appellants challenge the indemnity claim, contending for the first time that there is no evidence appellees gave Wales the fifteen-day notice of settlement required by the indemnity agreement. We need not address the substance of this issue because it was not preserved below for our review. Courts have consistently held that lack of notice is an affirmative defense. *See, e.g., Forney 921 Lot Dev. Partners I, L.P. v. Paul Taylor Homes, Ltd.*, 349 S.W.3d 258, 267–68 (Tex. App.—Dallas 2011, pet. denied) (failure to give required statutory notice is affirmative defense); *Mastin v. Mastin*, 70 S.W.3d 148, 154

(Tex. App.—San Antonio 2001, no pet.) (failure to give notice of intent to accelerate contractual alimony payments is affirmative defense); *Espinoza v. Victoria Bank & Trust Co*., 572 S.W.2d 816, 827 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) (failure to give notice of intent to accelerate maturity of promissory note is affirmative defense). As a general rule, an affirmative defense is waived if it is not pleaded. *Shoemake v. Fogel, Ltd*., 826 S.W.2d 933, 937 (Tex. 1992) (citing Tex. R. Civ. P. 94). Appellants did not plead lack of notice or raise it in their response to the summary judgment motion. When the McNutt-Landry's Crab Shack settlement was announced in court, appellants did not seek to file a trial amendment or otherwise object to the lack of notice. In fact, appellants' counsel conceded at that point that "[t]here are no defenses to the guaranty or to the indemnity agreement." We conclude appellants have not preserved any complaint based on lack of notice of the settlement agreement.

Appellants have cast this second issue as a sufficiency-of-the-evidence challenge, and, therefore, assert that they may raise it for the first time on appeal. They contend "[t]here is no evidence whatsoever that [Landry's Crab Shack] gave Wales the required fifteen days notice required under the express terms of the contract." However, Wales bore the burden of asserting and proving lack of notice. *See Compass Bank v. MFP Fin. Services, Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied) ("The party asserting an affirmative defense bears the burden of pleading and proving its elements."). Appellees were not required to disprove an affirmative defense that had never been raised. Thus, appellants' issue cannot properly be characterized as a sufficiency challenge, and appellants are not excused from the requirement of preserving their lack-of-notice complaint for appeal.

The trial court correctly granted summary judgment on appellees' indemnity claim. We overrule appellants' second issue.

## Conclusion

We have decided appellants' issues against them.  We affirm the trial court's judgment.

/David Lewis/
_____
DAVID LEWIS
JUSTICE

111540F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CADILLAC BAR WEST END REAL
ESTATE, LTD. AND L.K. WALES,
Appellants

No. 05-11-01540-CV     V.

LANDRY'S RESTAURANTS, INC. AND
LANDRY'S CRAB SHACK, INC.,
Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 09-10891.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees LANDRY'S RESTAURANTS, INC. AND LANDRY'S
CRAB SHACK, INC. recover their costs of this appeal from appellants CADILLAC BAR
WEST END REAL ESTATE, LTD. AND L.K. WALES.


Judgment entered this 22nd day of April, 2013.


/David Lewis/

DAVID LEWIS
JUSTICE